UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | Criminal No.: 19-10080-NMG |
| ) | |
| GAMAL ABDELAZIZ,       ) | LEAVE TO FILE GRANTED ON |
| ) | DECEMBER 11, 2019 |
| Defendant.       ) | |

**GOVERNMENT'S SUR-REPLY TO
DEFENDANT'S MOTION TO COMPEL**

The government respectfully files this sur-reply in opposition to Defendant Gamal Abdelaziz's motion to compel the production of purported *Brady* material.

As the government noted in its opposition brief, Abdelaziz's motion is moot because the government has already produced the information Abdelaziz seeks concerning how Singer and Heinel allocated Abdelaziz's bribe payment. In response, Abdelaziz contends that he is entitled to the *actual* FBI-302 reports in which that information is contained. But that is not true. Even assuming, *arguendo*, that the information Abdelaziz seeks is exculpatory – which it is *not*, for all the reasons the government has previously explained – Abdelaziz now has the substance of any relevant information contained in the 302s. Abdelaziz is not entitled to the reports themselves (which are, of course, themselves, simply summaries), where he has been provided the relevant information. Nor, of course, is he entitled to any portions of the reports that address topics beyond the narrow subject-matter of his request.

Moreover, Abdelaziz makes clear in his reply that his *sole* argument for claiming that the purported material is exculpatory is that "it will likely show that Mr. Singer struck his 'side deal' with Ms. Heinel months after Mr. Abdelaziz's daughter was admitted to USC and months after Mr. Abdelaziz made the donation he thought would be routed to the USC athletics department,"

and that as a result "Mr. Abdelaziz could not have been aware of the alleged 'side deal' to re-route the donation to Ms. Heinel, or the inclusion of his daughter's name on an invoice generated by Ms. Heinel." (Def. Reply at 2).  But, of course, the government disclosed the *timing* of Singer's arrangement with Heinel long ago, in the complaint affidavit.  Likewise, the government disclosed the invoice referencing Abdelaziz's daughter in Rule 16 discovery, along with the bank records reflecting when and how the payments to Heinel were made.  Accordingly, Abdelaziz's argument that he needs the FBI 302 reports to show the timing of Singer's arrangement with Heinel is untrue.

Likewise, Abdelaziz concedes that "whether a payment to a 'USC fund over which [Ms. Heinel] exercised discretion [rather than] to her own personal account' could ever constitute a bribe is a red herring for purposes of this Motion."  (Def. Reply Br. at 3).  Yet he goes on to argue that the government's legal theory is "novel" and "untested," and to suggest that a bribe is not a bribe if it is styled as a "donation."[1]  That is not true.  As the Supreme Court made clear in *Skilling v. United States*:

> "Unlike fraud in which the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other, *see, e.g., United States v. Starr*, 816 F.2d 94, 101 (C.A.2 1987), the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead, a third party, who had not been deceived, provided the enrichment. For example, if a city mayor (the offender) accepted a bribe from a third party in exchange for awarding that party a city contract, yet the contract terms were the same as any that could have been negotiated at arm's length, the city (the betrayed party) would suffer no tangible loss. *Cf. McNally*, 483 U.S., at 360, 107 S.Ct. 2875. **Even if the scheme occasioned a money or property gain for the betrayed party, courts reasoned, actionable harm lay in the denial of that party's right to the**

---

[1] Remarkably, Abdelaziz appears to *concede* that the payment – wherever he intended it to go – was intended as a *quid pro quo* in exchange for Heinel's help securing his daughter's admission to USC.  *See, e.g.*, Def. Reply Br. at 5 ("if the Athletic Director of a private college assists in the admission of Student A in return for a donation to the private college's athletic department, then the parents of Student A have committed a federal crime").

2

**offender's "honest services**." *See, e.g., United States v. Dixon*, 536 F.2d 1388, 1400 (C.A.2 1976)."

561 U.S. 358, 400 (2010) (emphasis added). In any event, to the extent the defendant wishes to argue that he believed that by calling his payment a donation he was not committing bribery, the relevant information concerning what Singer told him, what Singer discussed with Heinel, and how the defendant's money was ultimately allocated – together with all the relevant bank records, emails and recorded calls – has been produced to the defense.

## Conclusion

For the foregoing reasons, as well as the reasons set forth in the government's prior briefs, Abdelaziz's motion should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ Eric S. Rosen
ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorneys

Date: December 12, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 12, 2019.

                              By:    */s/ Eric S. Rosen*
                                       ERIC S. ROSEN
                                       Assistant United States Attorney