UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-CR-10080-NMG |
| GREGORY COLBURN  et al., | |
| Defendants | |

**MOTION TO MODIFY PROTECTIVE ORDER
GOVERNING DOCUMENTS RECEIVED FROM USC**

Gamal Abdelaziz and Homayoun Zadeh respectfully request that the Court modify the current protective order governing documents produced by USC to Defendants[1] to permit Defendants to show documents to potential witnesses to the same extent they are permitted to show documents produced by the government to potential witnesses.

The protective order with the government, which the Court approved on May 2, 2019 at Dkt. 377, covers the vast majority of information produced to Defendants in this case.  The government protective order permits Defendants to show documents to potential witnesses if the following conditions are met: (1) potential witnesses are not permitted to retain physical copies absent further order of the Court; (2) potential witnesses may receive documents by email, provided such documents are deleted after use as directed by Defendants; (3) potential witnesses are advised of the privacy and confidentiality of documents and their obligations not to disclose such documents; (4) potential witnesses sign the protective order; and (5) potential witnesses not further disclose the documents.

---

[1] As to Abdelaziz, see Dkt. 1081.  As to Zadeh, see Dkt. 1696.

The protective orders with USC do not permit Defendants to show potential witnesses documents.  Instead, those protective orders state: "While the Defense Team may not provide access to or copies of any Protected USC Material to any fact witness or any attorney for a fact witness, the Defense Team may disclose information derived from the Protected USC Material to a fact witness or an attorney for a fact witness in connection with the preparation and litigation of the legal defense in this case, subject to [certain further restrictions]."

Although Defendants previously agreed to the "no show" provision, given that trial is approaching, the provision has turned out to be unworkable.  Defendants need to show potential witnesses the actual documents that constitute the evidence in this case.  Defendants need to understand the witnesses' recollections of these documents and gauge their reactions to these documents.  There is no good reason that Defendants are permitted to show potential witnesses documents they received from the government (many of which the government itself received from USC), but are unable to show potential witnesses documents they received directly from USC.  As the Court is aware, most or all student names are **redacted** in the documents that USC produced directly to the Defendants, but not in the documents the government produced to Defendants.

USC does not agree with the requested relief.  Instead, at a meet and confer, USC proposed that Abdelaziz identify for USC the documents he wishes to show to potential witnesses and then perhaps an agreement could be worked out.  This process is overly-cumbersome and would require Defendants to seek USC's permission every time they wish to show potential witnesses documents that USC produced.

For the foregoing reasons, Defendants respectfully request that the Court enter the proposed order attached as Exhibit A.

Dated: March 24, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorney,

*/s/ Elliot Weinstein*
Elliot Weinstein (BBO No. 520400)
83 Atlantic Avenue
Boston, MA 02110
617-367-9334

HOMAYOUN ZADEH

By his attorneys,

*/s/ Tracy A. Miner*
Tracy A. Miner (BBO No. 547137)
Megan A. Siddall (BBO No. 568979)
Miner Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02110
Tel.: (617) 273-8377
Fax: (617) 273-8004
tminer@mosllp.com
msiddall@mosllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was filed electronically on March 24, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Elliot Weinstein*
Elliot Weinstein

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that my co-counsel conferred with counsel for USC in an attempt to resolve or narrow the issues raised by this motion but the parties were unable to reach agreement.

*/s/ Elliot Weinstein*
Elliot Weinstein

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

No. 1:19-CR-10080-NMG

GREGORY COLBURN  et al.,

Defendants

## [PROPOSED] ORDER

The USC protective orders entered by the Court at Dkts. 1081 and 1696 are hereby modified as follows:

Notwithstanding the terms of the Defendants' Protective Orders with USC (Dkts. 1081 and 1696), Defendants may show Protected USC Material to potential witnesses and their counsel to the same extent (and pursuant to the same restrictions) that they may show potential witnesses and their counsel any document controlled by Dkt. 377, the government's protective order with Defendants.

DATED: _____                              _____