UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    *v.*<br><br>GREGORY COLBURN, et al.,<br><br>            Defendants. | Case No. 1:19-cr-10080-NMG |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THEIR INCOMES, WEALTH, SPENDING, OR LIFESTYLES**

Defendants move *in limine* to preclude the government from introducing evidence of their incomes (from any source, including capital gains), wealth, spending, or lifestyles (including the locations, sizes, and costs of their residences). Such evidence is irrelevant to any issue at trial and could serve no purpose other than to unfairly prejudice the jury.

Courts are generally, and properly, wary of admitting evidence about a defendant's wealth or spending because "[a]rgument, especially the government's, should not degenerate into an appeal to prejudice." *United States v. Rothrock*, 806 F.2d 318, 323 (1st Cir. 1986). Evidence that a defendant is affluent, or enjoys an affluent standard of living, can easily open the door for "appeals to class prejudice," which "are highly improper and cannot be condoned…." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940).

Of course, "evidence of wealth or extravagant spending *may* be admissible when relevant to issues in the case," *United States v. Bradley*, 644 F.3d 1213, 1271 (11th Cir. 2011) (emphasis added), but this usually occurs in situations where, for example, wealth is relevant to show participation in the crime alleged, or to show motivation to commit the crime alleged. As to

1

participation, when a defendant "disputes his participation in an act"—such as, in one case, by denying having operated an illegal distillery—his "sudden acquisition of money," without any legal source, may have a "logical tendency to prove" that he took part in the misconduct. *United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010), quoting *United States v. Jackskion*, 102 F.2d 683, 684 (2d Cir. 1939). *See also United States v. Jackson-Randolph*, 282 F.3d 369, 377 (6th Cir. 2002) (evidence of wealth or extravagant spending may be relevant where it tends to create "the inference that the defendant does not possess a legitimate source of income to support his affluent lifestyle and, therefore, the income must originate from [illegal] operations").

As to motivation, some courts have sometimes deemed evidence of wealth or spending relevant to establish motive. At best, this is a perilous enterprise, because when motive is the subject "the line between statements that are 'appeals to class prejudice…' and statements regarding class that are 'relevant to the issues at hand' is not easily drawn." *United States v. Derman*, 211 F.3d 175, 179 (1st Cir. 2002), quoting *Socony Vacuum-Oil Co.*, 310 U.S. at 239. Indeed, some courts have held that the probative value of wealth on the issue of motive is so limited, and the risk of unfair prejudice is so great, that the line-drawing exercise should not even be attempted. Motive may have a bearing on the issue of intent, but when the proposed answer is that the defendant had an "appetite" for money, the right question is probably, "But who doesn't?" *United States v. Ewings*, 936 F.2d 903, 906 (7th Cir. 1991). Allowing wealth evidence to show motive, moreover, threatens to create a heads-I-win-tails-you-lose situation, enabling the government to show that wealthy defendants had a motive to maintain their affluent lifestyles, while poor defendants had a motive to escape their poverty. "That a person is feckless and poor, or greedy and rich, without more," however, "has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the

danger of unfair prejudice." *United States v. Mitchell*, 172 F.3d 1104, 1110 (9th Cir. 1999). The prejudice resulting from appeals to class bias can warrant findings of prosecutorial misconduct or reversal of a conviction by violating the right to a fair trial. *See Sizemore v. Fletcher*, 921 F.2d 667, 670 (6th Cir. 1990); *United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980) (reversing conviction because of prosecutor's "persistent appeal to class prejudice").

Neither the "participation" nor the "motivation" justifications apply here. First, Defendants do not deny the amount of the relevant contributions they made, and the relevant question for the jury is not whether Defendants' wealth or lifestyles somehow indicate that they engaged in the alleged conduct. *United States v. Hatfield*, 685 F. Supp. 2d at 326. The issue, rather, is whether the contributions were illegal, i.e., whether Defendants took part in them with the requisite unlawful intent. *Id.* Defendants' lifestyles and wealth (or lack thereof) are not relevant to this inquiry. *Id.* (where defendant in stock fraud case did not deny that he conducted the transactions in question, but maintained that the trades were legal, "it is irrelevant if [he] spent his fortune on lavish parties").

Second, a Defendant's wealth or lifestyle may be relevant to the issue of motivation only when "the alleged motivation is financial." *United States v. Derman*, 211 F.3d at 180. Here, the government has never ascribed a personal financial motivation to any of Defendants. Their only purpose, according to the prosecution, was "to facilitate their children's admission to selective colleges and universities…." ECF No. 732 (Fourth Superseding Indictment), ¶64.  In this case, then, evidence of Defendants' wealth or lifestyles says nothing about their alleged motive.

Absent a relevant, legitimate basis to introduce evidence of Defendants' wealth, lifestyle, or spending, the only possible impact of introducing such evidence is to incite bias against Defendants for reasons that have nothing to do with their actions, intentions, or culpability.

Because there is no valid purpose for such evidence, and the risk of its introduction is highly prejudicial to Defendants, the Court should preclude the introduction of such evidence pursuant to Fed. R. Evid. 401 and 403.

Respectfully submitted,

*/s/ Cory S. Flashner*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605 (telephone)
(617) 542-2241 (fax)
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*


*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

*Counsel for Gamal Abdelaziz*

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN
260 Madison Avenue
New York, NY 10016

*Counsel for John Wilson*


*/s/ Michael K. Loucks*
Michael K. Loucks (BBO #305520)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Defendant Marci Palatella*

DATED: July 30, 2021

**LOCAL RULE 7.1 CERTIFICATION**

Undersigned counsel certifies that, on July 28, 2021, counsel for Defendant Elisabeth Kimmel conferred with counsel for the government, and the government does not assent to the Motion.

**CERTIFICATE OF SERVICE**

    I, Cory S. Flashner, counsel for Defendant Elisabeth Kimmel, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants.

                                          */s/ Cory S. Flashner*
                                          Cory S. Flashner