UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**MOTION IN LIMINE TO EXCLUDE REFERENCE TO STEPHEN WYNN**

Defendant Gamal Abdelaziz moves in limine to preclude the government from making any reference to Mr. Abdelaziz's former employer's CEO, Stephen Wynn.[1] While it is not clear whether or how the government would attempt to make such reference, Mr. Abdelaziz seeks to pre-empt any such attempt to introduce irrelevant and inflammatory evidence designed to prejudice the jury against Mr. Abdelaziz.

**ARGUMENT**

No reference to Mr. Wynn could possibly be relevant to the charges in this case. The government alleges that Mr. Abdelaziz conspired with Rick Singer to bribe officials at USC in exchange for his daughter's admission to USC. These allegations have nothing to do with Mr. Wynn, nor with Mr. Abdelaziz's employment with Wynn Resorts, and are not made any "more or less probable" by Mr. Abdelaziz's association with Mr. Wynn. Fed. R. Evid. 401. Thus, any reference to Mr. Wynn must be excluded as irrelevant.

---

[1] Mr. Abdelaziz does not seek to exclude any reference to his previous employment with Wynn Resorts, nor to his work in the casino industry in general.

Even if evidence involving Mr. Wynn were somehow relevant, it must be excluded because any probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Mr. Wynn has recently faced substantial scrutiny in the media related to allegations of misconduct before the Massachusetts Gaming Commission ("MGC"), as well as allegations of personal misconduct. While these allegations have not been substantiated and in fact have been vigorously refuted, Mr. Abdelaziz would nevertheless face severe prejudice from any association with them.

Media outlets in and around Boston have provided negative coverage of Mr. Wynn in relation to Wynn Resorts' gaming license application before the MGC. Civil lawsuits have also been filed regarding Wynn Resorts' gaming license, falsely alleging that Mr. Wynn engaged in fraudulent activity and conspired with known "gangsters" in order to achieve a gaming license for Wynn Resorts. While these inflammatory allegations have no merit,[2] Mr. Wynn's image in Boston has been tainted by the mere suggestion of misconduct. The evidence relating to Mr. Wynn is even more likely to prejudice the jury against Mr. Abdelaziz where Mr. Wynn's alleged fraud was upon a Massachusetts state commission, regarding a casino built in the very district in which Mr. Abdelaziz faces trial. Any attempt to connect Mr. Abdelaziz to Mr. Wynn's alleged misconduct before the MGC would subject Mr. Abdelaziz to unfair prejudice by inviting the jury "to render a verdict on an improper emotional basis." *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000).

Second, and even more concerning, is the recent media coverage regarding Mr. Wynn's alleged sexual misconduct. While the allegations against Mr. Wynn remain unproven and have

---

[2] The federal lawsuit naming Mr. Wynn as a defendant was dismissed for failure to state a claim. *See Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd., et al*, 990 F.3d 31 (1st Cir. 2021).

been rejected as preposterous by Mr. Wynn, he has suffered reputational harm as a result of the allegations on a national and local level. Introducing any evidence referencing Mr. Wynn would invite the jury to make a connection between Mr. Abdelaziz and the outrageous allegations against Mr. Wynn, causing substantial prejudice to Mr. Abdelaziz.  Indeed, despite the fact that Mr. Wynn has nothing to do with the charges against Mr. Abdelaziz, prominent media outlets have made the connection between the two – to the point of referencing the allegations against Mr. Wynn within the same article detailing the allegations against Mr. Abdelaziz in this case.[3] Given the media's eagerness to connect Mr. Abdelaziz to Mr. Wynn and his alleged misconduct, it is reasonable to assume that a jury could do the same.  The government must not be allowed to introduce this type of evidence which would unfairly cause the jury to associate Mr. Abdelaziz with an unrelated third-party's alleged misconduct, and "inflam[e] moral prejudice against [Mr. Abdelaziz]." *See United States v. Cooper*, 286 F. Supp. 2d 1283, 1291 (D. Kan. 2003).

## CONCLUSION

For the reasons explained herein, Mr. Abdelaziz respectfully requests that this Court grant his motion to exclude any reference to Stephen Wynn during trial.

Dated: July 30, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)

---

[3] Walter Pavlo, Former Wynn Executive Part of College Entry Scheme, Forbes (Mar. 13, 2019), https://www.forbes.com/sites/walterpavlo/2019/03/13/former-wynn-executive-part-of-college-entry-scheme/?sh=62735fe81bca.

3

> NIXON PEABODY LLP
> 53 State Street
> Boston, MA 02109
> (617) 345-1000
> bkelly@nixonpeabody.com
> jsharp@nixonpeabody.com
> lmaynard@nixonpeabody.com
>
> Robert Sheketoff (BBO No. 457340)
> One McKinley Square
> Boston, MA 02109
> 617-367-3449

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for the defendants conferred with counsel for the government in an attempt to resolve or narrow the issues raised by this motion. The government stated that it agrees not to reference Steve Wynn but does not believe a court order is necessary.

> /s/ Joshua C. Sharp
> Joshua C. Sharp

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed electronically on July 30, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

> /s/ Joshua C. Sharp
> Joshua C. Sharp

114689379v.1