UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,              :

            Plaintiff,              :   Criminal Action
                                               No. 19-10080-NMG
    v.                                     :

AMY COBURN, *et al.*,                 :

           Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE REGARDING "TAKING" AN ADMISSIONS SPOT**

Defendants Gamal Abdelaziz [Def. No. 4], Elisabeth Kimmel [Def. No. 13], Marci Palatella [Def. No. 16], and John Wilson [Def. No. 17] ("Defendants") respectfully move the Court for an order *in limine* excluding any argument or evidence at trial that any of the Defendants, or their children, took an admissions "spot" from another student.  Allowing such an argument would introduce into evidence that there were *other* purported "victims" besides the universities and test-taking companies—the allegedly "deserving" students who would have otherwise been admitted to these universities.  The Fourth Superseding Indictment does not allege that there were any other victims besides the test-taking companies and the universities, and allowing argument about "spots" and "deserving students" is irrelevant, unduly prejudicial, and would only serve to delay the trial through countless mini-trials of who was and was not "deserving" of admission to a particular university.

**ARGUMENT**

The Government has claimed, without support, that the number of admissions spots at a given university is "limited."  *See* Government's Response in Opposition to Defendants' Motions to Dismiss the Fourth Superseding Indictment (Dkt. No. 1170) at 28 ("the number of

admissions slots, like the number of degrees, is limited"), 30 ("the defendants obtained admissions slots intended for skilled athletes by, among other things, representing that they were sufficiently qualified for those slots when they were not"); 34 ("the object of the conspiracy was to obtain these reserved positions—a commodity that, by its nature, is inherently limited"). Defendants anticipate that the Government will seek at trial to, once again, argue that the number of admissions spots were limited, and either imply or overtly argue that the conspiracy alleged in the Indictment resulted in the Defendants, or their children, taking an admissions "spot" from a "deserving" student. Regardless of whether there is admissible evidence which tends to prove that an admissions spot is "limited" (and Defendants contend there is no such evidence), argument of whether there were a set number of "spots" is not relevant under Federal Rule of Evidence ("Rule") 401, and should be excluded under Rule 403, because it is unduly prejudicial, is likely confuse the trier of fact and mislead the jury, and require "mini-trials," and, as a result, is unduly prejudicial to Defendants.

I. **EVIDENCE ABOUT TAKING AN ADMISSIONS "SPOT" FROM ANOTHER STUDENT IS NOT RELEVANT UNDER FRE 401.**

Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. The Fourth Superseding Indictment alleges that the Defendants conspired to pay bribes to secure admissions to colleges for their children, and that in doing so, they conspired to commit mail and wire fraud, federal programs bribery, and money laundering. (*See* Dkt. No. 1170 at 2-3.) Evidence as to whether there is a set number of admission "spots" at a particular university is not relevant to any of the elements required to prove the charged offenses. Whether the Defendants here paid a bribe, and did so with a corrupt intent, is not dependent on or related to whether there were a set number of

2

spots for admission. Put simply, arguing that there were a certain number of admissions "spots" and that one of the Defendant's children took a "spot" from a more "deserving" student does not make the existence of any fact that is of consequence in the Government's case against the Defendants more or less probable than it would be without that evidence.

Moreover, the Indictment does not allege that any rejected students are purported "victims" of the conspiracy. Thus, any attempt by the Government to argue that there are limited "spots" and "deserving" students who were not admitted should be rebuffed by this Court. This argument implies to the jury that there are additional victims, but the existence of these victims was not charged in the Indictment, and is not an element of any of the charged crimes. Thus, because evidence relating to the number of spots of a particular school will not help the jury determine whether the Defendants committed the crimes charged in the Indictment, and it will not aid the government in meeting its burden of proof on its charges against the Defendants, it should be excluded as irrelevant under Rules 401 and 402.

## II.   EVIDENCE ABOUT TAKING AN ADMISSIONS "SPOT" FROM ANOTHER STUDENT IS UNFAIRLY PREJUDICIAL, WOULD CAUSE UNDUE DELAY, AND WOULD CONFUSE THE JURY.

Even if evidence related to the number of "spots" at a particular university was marginally relevant (which it clearly is not), it still should be excluded under Rule 403, which provides that evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is unduly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's note. Similarly, evidence is unfairly prejudicial if it "appeals to the jury's sympathies[,] . . . provokes a jury's instinct to punish," or otherwise causes "a jury to base its

decision on something other than the established propositions in the case." 2 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 403.03, at 403-38 to 403-46 (2d ed. 2005).  Here, if the Government were allowed to introduce evidence that the children of the parents charged in this case took a "spot" from some other student, it would improperly call to the jury's sympathies, making the jury think there are some other "victims" in this case.

Moreover, any attempt by the Government to introduce evidence about the number of "spots" and who is "deserving" would risk confusing the issues, misleading the jury, and creating undue delay by introducing a series of mini-trials into the proceedings as to the qualifications of these other students, including the intangible factors how a university picks among many qualified candidates.  These mini-trials would overshadow the facts in this case, and would mislead the jury as to the actual issues to be decided.  Rule 403 exists precisely to guard against such risks, and it should bar the Government's attempt to adduce evidence that the scheme in this case took a "spot" away from a "deserving" student.  *See, e.g., United States v. Gilbert*, 229 F.3d 15, 24 (1st Cir. 2000) (affirming exclusion of evidence under Rule 403 where it was "nearly certain that there would be a mini-trial on whether the [prior act] actually took place," and "that the potential for confusion of the issues and for unfair prejudice in such a scenario is manifest").

## CONCLUSION

Putting aside whether the Government has sufficient evidence to show that there were a set number of "spots" and that the Defendants in this case took away a spot from a "deserving" student, the Government should be precluded from making any such argument because it introduces evidence that there are other alleged "victims"—the students who were otherwise not admitted—which is conduct that is not charged in the Indictment.  This evidence is not relevant to the offenses charged, and any such evidence would be highly prejudicial.  Given the lack of probative value and the highly prejudicial nature of this evidence, it should be excluded.

4

Dated: July 30, 2021
       Boston, Massachusetts

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

*Counsel for Gamal Abdelaziz*


*/s/ Cory S. Flashner*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*

*/s/ Michael K. Loucks*
Michael K. Loucks (BBO # 305520)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

5

Jack P. DiCanio (*pro hac vice*)
Emily Reitmeier (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com
emily.reitmeier@skadden.com

*Counsel for Marci Palatella*


/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

---

**CERTIFICATE OF SERVICE**

    I, Michael K. Loucks, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, if any, on July 30, 2021.

Dated: July 30, 2021    /s/ Michael K. Loucks
                                  Michael K. Loucks