UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| ELISABETH KIMMEL *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS'
USE OF CO-CONSPIRATOR STATEMENTS OTHER THAN FOR IMPEACHMENT**

The government respectfully moves *in limine* to preclude the defendants from offering out-of-court statements of co-conspirators, including recorded calls and emails, which are hearsay as to them, except for the purposes of impeachment.  Further, the government respectfully requests that the Court preclude the defendants from impeaching witnesses by playing audio recordings in the presence of the jury without first complying with Fed. R. Evid. 613(b).

**I.       RELEVANT BACKGROUND**

The defendants have marked as exhibits for trial nearly 100 recorded telephone calls – hours of calls – to and from William "Rick" Singer.[1]  *Not one* of the calls involves the defendants

---

[1] *See, e.g.*, Ex. 1405 (Session 1147), Ex. 1406 (Session 1184), Ex. 1407 (Session 1765), Ex. 1408 (Session 1759), Ex. 1409 (Session 2139), Ex. 1410 (Session 3057), Ex. 1411 (Session 3041), Ex. 1413 (Session 3787), Ex. 1414 (Session 4253), Ex. 1415 (Session 4473), Ex. 1416 (Session 4964), Ex. 1417 (Session 4954), Ex. 1418 (Session 5017), Ex. 1419 (Session 5340), Ex. 1420 (Session 5633), Ex. 1421 (Session 5664), Ex. 1422 (Session 5819), Ex. 1423 (Session 6268), Ex. 1424 (Session 6313), Ex. 1425 (Session 6812), Ex. 1426 (Session 6880), Ex. 1427 (Session 6931), Ex. 1428 (Session 6985), Ex. 1429 (Session 7048), Ex. 1430 (Session 7200), Ex. 1431 (Session 7794), Ex. 1432 (Session 7894), Ex. 1433 (Session 7861), Ex. 1434 (Session 7957), Ex. 1435 (Session 8033), Ex. 1436 (Session 8224), Ex. 1437 (Session 8534), Ex. 1438 (Session 9002), Ex. 1443 (Session 10000), Ex. 1444 (Session 10357), Ex. 1445 (Session 10395), Ex. 1447 (Session 10611), Ex. 1451 (Session 11348), Ex. 1452 (Session 12208), Ex. 1455 (Session 12793), Ex. 1456 (Session 12923), Ex. 1457 (Session 12970), Ex. 1458 (Session 13064), Ex. 1459 (Session 13136), Ex. 1460 (Session 13152), Ex. 1461 (Session 13167), Ex. 1462 (Session 13452), Ex. 1465 (Session 14326), Ex. 1468 (Session 16676), Ex. 1469 (Session 16760), Ex. 1490 (Session 2289), Ex. 1491 (Session 3706), Ex. 1492 (Session 7172), Ex. 1493 (Session 2892), Ex. 1494 (Session 7629), Ex. 1495 (Session 8230), Ex. 1496 (Session 8231), Ex. 1497 (Session 8375), Ex. 1498 (Session 653), Ex. 1499 (Session 4879), Ex. 1500 (Session 6727), Ex. 1501 (Session 4621), Ex. 1502 (Session 3131), Ex. 1503 (Session 5901), Ex. 1504 (Session 6316), Ex. 1505 (Session 7052), Ex. 1506 (Session 4180), Ex. 1507 (Session 3380), Ex. 1508 (Session 2935), Ex. 1509 (Session 3245), Ex. 1510 (Session

themselves, and most are not even between Singer and co-conspirators in this case (either charged or unindicted). Conversely, the government has marked approximately half the number of recorded calls, many of which are between Singer and the defendants, and all of which are admissible co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). As to documents and emails, the parties' exhibit lists show a similar pattern. *Compare* Dkt. 1926 (approximately 650 exhibits marked by the government), *with* Dkts. 1953, 1954, 1956, 1958 (nearly 2,500 exhibits, approximately 10 percent of which relate to the defendants). In filing their exhibit lists, the defendants have purported to "reserve[] the right to . . . use additional documents, including but not limited to for impeachment or cross-examination purposes" that they have "not identified." *See, e.g.*, Dkt. 1956.

## II.   **ARGUMENT**

### A.   **The Defendants May Not Offer Hearsay Under Rule 801(d)(2)(E)**

Co-conspirator statements made in furtherance of a conspiracy are not hearsay when offered against a defendant. *See* Fed. R. Evid. 801(d)(2)(E). Specifically, Rule 801(d)(2)(E) provides that a statement that (i) "is offered against an opposing party," and (ii) "was made by the party's coconspirator during and in furtherance of the conspiracy," is not hearsay. *Id.* Thus, for co-conspirator statements to be admitted under Rule 801(d)(2)(E), the Supreme Court has explained that "[t]here must be evidence that there was a conspiracy involving the declarant and the *nonoffering party*, and that the statement was made 'during the course and in furtherance of

---

7108), Ex. 1511 (Session 584), Ex. 1512 (Session 916), Ex. 1513 (Session 7278), Ex. 1514 (Session 5506), Ex. 1515 (Session 15490), Ex. 1517 (Session 9363), Ex. 1518 (Session 8374), Ex. 1519 (Session 4156), Ex. 1520 (Session 2556), Ex. 1521 (Session 3971), Ex. 1522 (Session 2353), Ex. 1523 (Session 7936), Ex. 1524 (Session 4663), Ex. 1525 (Session 2128), Ex. 1526 (Session 4494), Ex. 1528 (Session 7219), Ex. 1529 (Session 9330), Ex. 1530 (Session 4146), Ex. 1531 (Session 11158).

the conspiracy.'"  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)) (emphasis added).

Thus, defendants cannot employ Rule 801(d)(2)(E).  As the First Circuit has explained, co-conspirator statements are not admissible when offered by a defendant "because it [i]s not offered 'against' his position at trial."  *United States v. Rivera-Hernandez*, 497 F.3d 71, 83 & n.5 (1st Cir. 2007) ("Thus, to qualify under the co-conspirator exception, a statement must be contrary to a party's position at trial."); *accord United States v. Milstein*, 401 F.3d 53, 73 (2d Cir. 2005) (excluding co-conspirator recording proffered by defendant: "The statement of a conspirator, offered for its truth by a co-conspirator, is not within this Rule."); *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986) ("There is no authority for the proposition that the prosecution is a 'party' against whom such evidence can be offered. The rule is intended to allow for introduction of co-conspirators' statements as evidence against them as defendants."); *United States v. Abbas*, 74 F.3d 506, 511 (4th Cir. 1996) ("[T]he prosecution is not a 'party' against whom such testimony may be tendered.").

Accordingly, to the extent the defendants wish to use *any* of the nearly 100 recordings of Singer that they have marked as exhibits, or any email or other communications between Singer and third parties, they may be do so only for purposes of impeachment.  *See* Fed. R. Evid. 613. They should be precluded from introducing them otherwise.[2]

### B.    The Defendants Must Comply with Rule 613 in Using Recordings to Impeach

To the extent the defendants seek to use the recordings for impeachment purposes, they should be precluded from playing the recordings in the presence of the jury, or from introducing

---

[2] Likewise, because Singer's statements to third parties were not made to the defendants, or in their presence, they are also not relevant to the defendants' state of mind.

previously undesignated recordings as extrinsic evidence of purported inconsistent statements, without first satisfying the requirements of Rule 613(b).

Under Rule 801(d)(1)(A), a declarant's prior inconsistent statements are hearsay and inadmissible as substantive evidence unless they were made under oath.   Fed. R. Evid. 801(d)(1)(A); *see United States v. Navedo-Concepcion*, 73 F. App'x 451, 453 (1st Cir. 2003). Previous statements not made under oath, therefore, are "inadmissible for the truth of the matter asserted," but may be introduced, in certain circumstances, as extrinsic impeachment evidence pursuant to Rule 613(b).   *See* Fed. R. Evid. 613(b).   This rule "applies when two statements, one made at trial and one made previously, are irreconcilably at odds.   In such an event, the cross-examiner is permitted to show the discrepancy by extrinsic evidence if necessary – not to demonstrate which of the two is true but, rather, to show that the two do not jibe (thus calling the declarant's credibility into question)."   *United States v. Winchenbach*, 197 F.3d 548, 558 (1st Cir. 1999).

Rule 613(b) imposes important pre-conditions.   "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same, and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require."   Fed. R. Evid. 613(b).   Thus, extrinsic evidence is admissible for the purposes of impeachment, at the Court's discretion, only if: (i) the extrinsic evidence is truly a prior "inconsistent" statement; (ii) the witness is "afforded an opportunity to explain or deny the same"; and (iii) the opposing party (here, the government) is "afforded an opportunity to interrogate the witness thereon."   *See id.*

Here, the defendants should not be permitted to impeach witnesses by playing recordings of purported prior inconsistent statements in the presence of the jury – whether those recordings

are identified on the defendants' exhibit lists or not – without first complying with the requirements of Rule 613.  Before the recordings can be played, the defendants must demonstrate, and the Court must be satisfied, that the prior statement was, in fact, inconsistent *and* that the introduction of extrinsic evidence is warranted.  *See United States v. Hudson*, 970 F.2d 948, 956 (1st Cir. 1992) ("a trial court is free to use its informed discretion to exclude extrinsic evidence of prior inconsistent statements on grounds of unwarranted prejudice, confusion, waste of time, or the like").  Playing audio recordings in front of the jury in the absence of such findings would nullify Rule 613 because, once published, the evidentiary bell cannot be unrung.  Accordingly to the extent the defendants seek to impeach witnesses with recordings, they should be required to first play the recordings for the witness and government counsel over headphones (or otherwise outside the presence of the jury), and to provide complete transcripts to assist the Court and government in evaluating whether the statements are truly inconsistent.  Additionally, because none of the recordings that the defendants have pre-marked as exhibits was made under oath subject to the penalty of perjury, the recordings are inadmissible as prior inconsistent statements under Rule 801(d)(1)(A), and the only basis to admit them on cross-examination is as extrinsic impeachment evidence, in compliance with Rule 613.  Accordingly, the witness must also be afforded an opportunity to explain or deny the statements, and the government must be afforded an opportunity to interrogate the witness thereon, before the Court determines whether the introduction of such extrinsic evidence is warranted.

III.  **CONCLUSION**

   For the foregoing reasons, the Court should preclude the defendants from (i) introducing hearsay statements of their alleged co-conspirators either on cross-examination or as part of their

case-in-chief, and (ii) playing audio recordings as impeachment in the presence of the jury during

cross-examination without first complying with the requirements of Rule 613(b).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney


By: */s/ Ian J. Stearns*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys


## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney