UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 19-10080-NMG |
| | ) |
| GAMAL ABDELAZIZ, *et al.*, | ) |
| | ) |
| Defendants | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT
GAMAL ABDELAZIZ'S MOTION *IN LIMINE* TO LIMIT
TESTIMONY OF NITYA VELAKACHARLA [DKT. 2000]**

The government respectfully submits this response in opposition to defendant Gamal Abdelaziz's motion to limit the testimony of Nitya Velakacharla. Dkt. 2000.

Abdelaziz contends that, based on his reading of an FBI 302 report of an interview with Velakacharla, "it is clear that most, if not all, of [her] testimony constitutes inadmissible hearsay, and or/will not meet the requirements for lay opinion testimony." *Id.* at 1. That is incorrect. As Abdelaziz later acknowledges in his Rule 7.1 certification, the government has confirmed that it does not intend to elicit testimony that calls for hearsay or for which Velakacharla does not have personal knowledge.[1] There is, accordingly, no dispute between the parties and no need for a court order. *See, e.g.*, *United States v. Hart*, No. 01-10314-MLW, 2003 WL 24051690, at *1 (D. Mass. Jan. 14, 2003) (denying motion *in limine* as moot where there was no dispute between the parties because the government did not intend to introduce evidence that defendant sought to exclude); *see also RBS Citizens, Nat'l Ass'n v. Aresty,* No. 09-10116-LTS, 2011 WL 13250945, at *2 (D. Mass. Oct. 14, 2011) (same). For that reason, Abdelaziz's motion should be denied as moot.

---

[1] Indeed, the government offered to discuss Abdelaziz's concerns about Velakacharla's testimony in an effort to address them.

Further, the government informed counsel for Abdelaziz that it intends to amend its witness list to add a former classmate of Abdelaziz's daughter who has direct personal knowledge of certain matters raised in the instant motion – for example, whether Abdelaziz's daughter played basketball her senior year of high school and whether she ever played on her high school's varsity basketball team.

The single point of disagreement between the parties seems to be whether the government should be permitted to elicit testimony concerning the level at which Abdelaziz's daughter played basketball. Fed. R. Evid. 701 does not preclude the government from eliciting testimony, based on a witness's personal observations and knowledge, regarding Abdelaziz's daughter's basketball skills, and how her skills compared to those of other players on her high school's junior varsity and varsity teams. *See, e.g., United States v. Galatis*, 849 F.3d 455, 461 (1st Cir. 2017) (testimony consisting of lay experiential expertise founded on personal knowledge and susceptible to cross-examination is admissible under Rule 701 as the product of reasoning processes familiar to the average person in everyday life); *United States v. Munoz-Franco*, 487 F.3d 25, 35 (1st Cir. 2007) (noting that under Rule 701, courts have allowed lay witnesses to express opinions about a business based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of the business). Similarly, while the government does not intend to elicit testimony from Abdelaziz's daughter's high school teammates regarding the likelihood that she could be recruited to play basketball for USC, Rule 701 does not prohibit the government from questioning the witnesses regarding whether, to their knowledge, any other basketball players from their high school were recruited to play Division I basketball at USC or elsewhere.

## CONCLUSION

For the reasons set forth above, Abdelaziz's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Leslie A. Wright
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 6, 2021                                     /s/ Leslie A. Wright
                                                          LESLIE A. WRIGHT