# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. 19-10080-NMG |
| GREGORY COLBURN, et al., | **ORAL ARGUMENT REQUESTED** |
| | Leave to file granted on September 2, |
| Defendants. | 2021, in ECF No. 2141 |

## DEFENDANTS' SUR-REPLY REGARDING
## GOVERNMENT'S NOTICE AND MOTION TO AUTHENTICATE

The present Motion relates to different types of evidence, *viz.*, e-mails, recorded calls, and data extractions from Singer's phone, Dkt. 2099 at 2, each of which present different issues. Defendants Gamal Abdelaziz and John Wilson respectfully ask this Court to stay any decision regarding the authentication of e-mails and data extractions from Singer's phone, as the parties are optimistic that these issues will be resolved, in light of an ongoing negotiation with the Government. In contrast, Defendants restate their opposition to the recorded calls, which present serious Confrontation Clause issues compounding the authentication issue.[1]

***Authentication of e-mails and phone extraction.*** Defendants Gamal Abdelaziz and John Wilson respectfully ask this Court to withhold any orders regarding authentication of e-mails and phone extraction, to allow the parties to reach a final agreement. Contrary to the Government's assertion that Defendants are seeking to "manufacture a dispute on the eve of trial," Dkt. 2127 at 3, Defendants have spent weeks proffering agreements in an effort to avoid disputes over

---

[1]     The Government now pretends that the sole issue raised by this Motion is authentication under Rule 901, but the Confrontation Clause was raised by the Government in its own initial Motion. Dkt. 2099 at 8. In hopes of ignoring the centrality of the Confrontation Clause to any effort by the Government to offer testimonial hearsay, the Government now says the issue it raised in its own motion is premature.

authenticity, and it is the Government that chose to file this Motion rather than negotiate, or agree to a bilateral stipulation on authenticity to streamline the trial.

The heart of this dispute, which Defendants believe can be resolved, is the Government's refusal to stipulate to defense exhibits on the same terms it seeks for its own exhibits, including the Government's insistence that it can only consider Defendants' requests if Defendants provide a list of the exhibits to be authenticated—exactly what the Government refuses to do here. However, given recent negotiations, as well as the Government's recent position that authentication is "utterly routine," Dkt. 2127 at 2, Defendants believes that the parties will agree to a stipulation that will moot the portion of this Motion that relates to e-mails and phone extractions.

*Recorded conversations.* Defendants respectfully reiterate their opposition to the admission of recorded conversations through motion certification. These communications are largely comprised of testimonial hearsay that presents substantial Confrontation Clause issues that complicate the authentication analysis,[2] as detailed in the Opposition. Dkt. 2118, at 9-14.

Without opportunity to examine Singer, the jury will be deprived of necessary context and will be presented with incomplete evidence. Singer's statements were made under clear direction from the Government to sneak facially ambiguous statements into conversations with Defendants and other parents. Singer's use of lies in conversations with unwitting and misled Defendants requires presentation of the context of Singer's prior dealings with those Defendants. Moreover, Singer purposely failed to record a significant conversation with Wilson while he was

---

[2]     As noted above, the Government's assertion that the Confrontation Clause question is premature is both confusing and counterfactual. The Motion itself has a section starting at p. 8 entitled: "The court should find that the Government's admission of, and reliance on, the certificates *does not violate the Confrontation Clause.*" (Emphasis added). More significantly, the core argument in that section is an attempt to distinguish the facts in this case from *United States v. Melendez-Diaz,* which held introduction of testimonial hearsay without opportunity for cross-examination violates the Confrontation Clause.

cooperating with the Government. This evidence, if introduced without an opportunity to examine Singer, raises the concerns at the heart of the Confrontation Clause.

The Government's assertion that Singer's statements are admissible to "provide context" ignores the reality that Singer's statements are offered for the truth of the accusations contained therein against Defendants. Due to the relationship between Singer and the Government, Singer acted as the Government's mouthpiece in these statements. During the collaboration, Singer registered his own candid view that the prosecutors and agents:

> continue to ask me to tell a fib and not restate what I told my clients as to where there money was going—to the program and not the coach and that it was a donation and they want it to be a payment… Essentially they are asking me to bend the truth.

Dkt. 995-14. Singer also "asked for a script if they [the agents] want me to ask questions and retrieve responses that are not accurate to the way I should asking the questions." *Id*. The result was what the Government hoped for, as illustrated by the very example the Government cites in its Reply. Dkt 2127 at 6-7. In that exchange, what the Government submits is a context-providing statement is, in reality, Singer dumping into his statements a series of allegations regarding IRS communications and USC payments, followed by a request for a confusing acknowledgment from Abdelaziz. In fact, immediately after the purported admission, a still confused Abdelaziz clarifies his understanding, stating "my intention was to, uh, donate money to the foundation." Dkt. 2118-1 at 2. This was not Singer merely providing context. Rather, Singer attempted to create the appearance of an admission to some type of wrongdoing by extracting monosyllabic responses to confusing information dumps, lies, and fibs. This is a far

cry from the fact patterns in the cases the Government cites to support the introduction of cooperator statements.[3]

Due at least to the Confrontation Clause issues, Defendants ask this Court to bar the introduction of post-collaboration recordings and messages without subjecting Singer to cross-examination. Alternatively, Defendants respectfully ask the Court to conduct an evidentiary hearing outside the jury's presence to give Defendants an opportunity to examine Singer and provide the Court with the evidence it needs to determine the Confrontation Clause issues relevant to this Motion.

Respectfully submitted,

By their counsel

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

*Counsel for John Wilson*

Date: September 2, 2021

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com
Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
(617)-367-3449

*Counsel for Gamal Abdelaziz*

---

[3] For example, in *United States v. Walter*, the defendant's statements were clear admissions of crimes in response to inquiries that provided the necessary context, not monosyllabic responses to long-winded fibs. 434 F.3d 30, 34 (1st Cir. 2006). Similarly, in *United States v. Perez-Vasquez*, the contextual statements were "questions, exclamations, or statements not relevant" to the charged crime, in stark contrast to the Government's effort here to introduce the core of its position through Singer's statements rather than through the Defendant's statements. 6 F.4th 180, 197 (1st Cir. 2021).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

*<u>/s/ Michael Kendall</u>*
Michael Kendall