UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                     )   Criminal No.: 19-10080-NMG<br>)<br>GAMAL ABDELAZIZ *et al.*,         )<br>)<br>Defendants                        ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANTS' MOTION TO SEQUESTER WITNESSES [DKT. 2164]**

The government respectfully submits this response to the defendants' motion to sequester witnesses. *See* Dkt. 2164. While the government generally agrees that witnesses should be sequestered during the proceedings until they testify (save for case agents and summary witnesses, as discussed *infra*), the government submits that there is no basis to exempt family members of the defendants – whom they have identified as potential witnesses in this case – from sequestration during opening statements. The government further requests that the Court preclude the defendants from "introducing" their family members during opening statements.

During the final pre-trial conference, the defendants moved "to sequester all of the witnesses" and "to have everybody sequestered." Dkt. 2108 at 50:1–7. Because the defendants made that oral motion without notice, the Court directed the parties to meet and confer on that motion. *Id.* at 50:23–24. During the same hearing, the Court indicated that the "defendants are forewarned that this Court will not allow any evidence or argument pertaining to" subjects that sound in jury nullification, because "none of that evidence is admissible under Federal Rules of Evidence 401, 402, and 403." *Id.* at 23:12–16. The Court also stated that opening statements "are not arguments," and unless a party can say, "I expect the evidence will show . . . then you shouldn't be saying it." *Id.* at 28:21–29:1.

After the pre-trial conference, the parties conferred regarding the defendants' sequestration motion. Counsel for Defendant Wilson has indicated that Wilson's spouse and children – whom he has identified as potential witnesses – will be present for opening statements, and that he intends to "introduce" those family members to the jury during openings. Counsel for Wilson has done this in opening statements in other cases. *See, e.g.*, *United States v. Ackerly et al.*, 16-cr-10233-RGS, Dkt. 504 at 38–39 ("[The Defendant] has been married to her husband, Bob, for 32 years. This case has taken a lot of their family's time, and Bob has appeared in court multiple times prior to today. Unfortunately, he could not get off any more time from his job in New Jersey, where he works in mental health services, so he's not here today. Their daughter Kirsten, though, is here, and she's sitting right behind Donna."). *See also id.* at Dkt. 523 (re-trial) at 82–83 ("Her husband Bob who works in a mental health facility is in the front row. There's his sister, his mother, and their daughter."); *United States v. Rowan et al.*, 16-cr-10343-ADB, Dkt. 885 at 153 ("Sitting over there in the back is Joe's wife. She's third in the middle back row. And they'[ve] come with about 21 [] friends and family from all over the country that have come to show their support for Joe.").

This is improper for several reasons. First, because Wilson has identified his spouse and children as potential witnesses in this case, they should not be present for opening statements at all. *See* Fed. R. Evid. 615; *see also* Hon. Jack B. Weinstein, *Weinstein's Federal Evidence* § 615.02[2][a] ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized."). Second, "introducing" family members of the defendants is inconsistent with the Court's directive that openings are not arguments. Third, introducing family members serves no purpose other than appealing to jurors' sympathies, and is inconsistent with the Court's directives regarding jury nullification.

Consistent with this position, the government has agreed with the defense that Special Agent Elizabeth Keating, who is one of the case agents on the case and will testify in the government's case-in-chief, will be sequestered prior to her testimony. The defendants have subsequently subpoenaed not just Special Agent Keating, but the remaining two case agents as well. The government respectfully submits that it is unnecessary to sequester the remaining case agents, who as the defendants are aware, have attended numerous witness interviews and witness preparation sessions during the investigation of this case and its preparation for trial. Indeed, the government anticipates that the case agents, other than Special Agent Keating, will assist the trial team during the proceedings, including by ensuring that witnesses are present when their testimony is required. The defendants should not be permitted to sequester all of the case agents on a trial team by issuing blanket subpoenas. *See, e.g.*, *United States v. Machor*, 879 F.2d 945, 953 & n.2 (1st Cir.1989) (rejecting defendants' argument that court abused its discretion in not sequestering the government's case agent because "[t]he majority view . . . is that Fed. R. Evid. 615(2) has severely curtailed the discretion of the trial court to sequester the government's case agent," but noting that "[w]e are not holding . . . that the rule withdraws all discretion from the trial court to exclude a case agent in an *exceptional case*") (emphasis added). *See also United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (affirming district court's order sequestering all witnesses except case agent and summary IRS witness).

## CONCLUSION

For the foregoing reasons, the government respectfully requests (i) that family members of the defendants, whom they have identified as potential witnesses in this case, be sequestered, including during opening statements, (ii) that the defendants not be permitted to "introduce" their

3

family members during opening statements, and (iii) that the government's remaining case agents, other than Special Agent Keating, be exempt from the Court's sequestration order.

<div style="margin-left: 50%;">

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

</div>

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 7, 2021         */s/ Ian J. Stearns*
                                 IAN J. STEARNS