UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ et al., | ) | **LEAVE TO FILE UNDER SEAL** |
| | ) | **GRANTED [DKT. 2214]** |
| Defendants | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO EXCLUDE EXHIBIT 563 [DKT. 2212]**

The defendant John Wilson's motion to exclude Exhibit 563 should be denied because it is meritless and simply rehashes arguments this Court has already rejected. *See* Dkt. 2212.

Exhibit 563 is a September 15, 2018 telephone call – captured on a Court-authorized wiretap – between Rick Singer and co-conspirator parent Marci Palatella. *See* Ex. A, (transcript of Ex. 563); *see also* Dkt. 2106 (Palatella plea agreement). During the call, Palatella told Singer that she had discussed his services and fees with Leslie Wilson, ███████████ ███ who is the wife of defendant John Wilson. Palatella described Ms. Wilson as "one of my best friends," and went on to discuss the fact that she knew Singer was working with the Wilsons' daughters:

> Palatella:  Everyone lies.  One of my very best friends, the Wilsons, [UI] ***Johnny***.
>
> Singer:  Yeah I just talked to, ***I just talked to them this morning***.
>
> Palatella:  They're, they're, and ***I know you were gonna work with the girls cause she told me***.  She's, they, I said, she's one of my best friends and when I said to her, "come on, what does it really cost?"  I said "I can't figure this out there is no way it's seven thousand dollars," she said to me, "***you should talk to John*** I don't really know".  Later I am like oh, bullshit. You know nobody, nobody and I, so, so Leslie's what, I mean, Leslie and I share a lot.

Ex. A at 6:13–7:3.

On the very same day, the government intercepted the call Singer referenced with the defendant, John Wilson, in which the two men discussed the side-door scheme for Wilson's twin daughters. During that call, Singer proposed posing Wilson's daughters as "a sailor or something. Because of where you live." Ex. B (transcript of Ex. 561) at 16:10–12. Wilson responded: "That's probably more than I wanna go for. Is there a two for one special? If you got twins?" *Id*. at 16:13–15.

The defendants' motion should be denied for at least two reasons.

<u>First</u>, Exhibit 563 is admissible non-hearsay because it contains co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) that are admissible in accordance with the Court's pre-trial order pursuant to *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977). *See* Dkt. 2108 at 9–10 ("The Court finds no reason to depart from the procedure outlined by the First Circuit Court of Appeals which [allows] a court to admit provisional the statements of alleged coconspirators . . . subject to a determination at the close of the evidence."). During the call, Singer (who had not yet been approached by the government) and Palatella (a co-conspirator who has pled guilty) discussed Palatella's attempt to refer additional side-door clients to Singer. Palatella also relayed to Singer, her co-conspirator, that she was aware he was going to "work with" Wilson's daughters, and that Wilson's wife had directed her to "talk to John," to find out how much Singer's services "really cost." These are textbook co-conspirator statements that are more than sufficient to satisfy, by a preponderance of the evidence, that there was a conspiracy "embracing both the declarant[s] and the defendant" and that the statements were made during and in furtherance of the conspiracy. *See* Dkt. 2108 at 10. As the First Circuit has noted, "[w]e think it is common ground—and common sense—that the reporting of significant events by one

coconspirator to another advances the conspiracy." *United States v. Sepulveda*, 15 F.3d 1161, 1180 (1st Cir. 1993); *see also United States v. Perez-Vasquez*, 6 F.4th 180, 195 (1st Cir. 2021) (holding that statements made to "foster[ ] a relationship of trust" or keep coconspirators "abreast of current developments" may further the conspiracy, and rejecting argument that statements were "idle chatter" or "gossip" not in furtherance of the conspiracy); *United States v. Rivera-Donate*, 682 F.3d 120, 132 (1st Cir. 2012) (explaining that Rule 801(d)(2)(E) is satisfied where statements "provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy").

The defendant's contrary argument is premised on the notion that Ms. Wilson is not a co-conspirator in this case. But the Court has already concluded otherwise, as Wilson acknowledges. *See* Dkt. 2108 at 7 (denying Wilson's motion *in limine* to exclude marital communications and finding that communications between Wilson and his wife were subject to the joint-participant exception to the marital privilege). The defendant presents no new reasons for the Court to revisit that finding, and he ignores the Court's directive that it "will give short shrift to motions addressing the same issues that have already been decided." *Id.*[1]

Second, Exhibit 563 is relevant and probative of the nature and scope of the conspiracy, and the relationships among the conspirators. For example, Singer's statement to Palatella in Exhibit 563 that "I just talked to them [Wilson] this morning" corroborates another government exhibit, a September 15, 2018 wiretap call between Wilson and Singer (*see* Ex. B attached hereto,

---

[1] Contrary to the defendant's contention, the government has no intention of introducing evidence of Ms. Palatella's guilty plea before the jury. However, the government does intend to introduce other evidence of Palatella's involvement in the conspiracy, including the fact that Donna Heinel secured the admission of Palatella's son, among other Singer clients, as a recruited athlete, based on a falsified athletic profile, in exchange for money.

transcript of Exhibit 561), when Wilson began inquiring about side-door deals for his twin daughters:

> Singer:   Well ya—if you just try the athlete side, and **you were using the side door with the athlete it's a done deal.  Just like with John**.
>
> Wilson:   Right but you're saying athletes side, even as an alumni is essentially [$]1.2 [million]?
>
> Singer:  Absolutely.  We got . . . **guy's giving up his spot, he's, they're not a good enough athlete to compete with**.

Ex. B at 18:13–21 (emphasis added).

Likewise, Exhibit 563 is relevant to disproving the defense argument that there was no single conspiracy.  For example, Mr. Wilson's counsel today began his cross-examination of Bruce Isackson as follows:

> Q. You've never met my client Mr. Wilson, John Wilson.  I'm pointing to him.  He's sitting there next to Ms. Papenhausen.
>
> A. I have met him before.
>
> Q. When did you meet him?
>
> A. I met him several times.  I've been to his home.
>
> Q. You've been in his home for an Autism Speaks fundraiser, right, that he held?
>
> A. That's correct.

9/14/21 Trial Tr., 53:24–54:7.  This line of cross-examination is noteworthy both because counsel suggested that Mr. Wilson and Mr. Isackson had never met – despite apparently knowing that they had – and because it demonstrates the significance to the defense of proving that the parents who participated in the charged conspiracy were unknown to one another.  In fact, Exhibit 563 and other evidence will show that defendant Wilson and his wife specifically discussed with Ms. Palatella their business with Mr. Singer, and additional evidence will show that they also

introduced other participants to the conspiracy. This is not, as Wilson repeatedly contends, evidence of "guilt by association." Dkt. 2212 at 1, 7. It is evidence of guilt – and of how a conspiracy works.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 15, 2021          */s/ Ian J. Stearns*
IAN J. STEARNS