UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>GAMAL ABDELAZIZ *et al.*,        )<br>)<br>Defendants   ) | Criminal No.: 19-10080-NMG |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE YEARBOOKS [DKT. 2228]**

The defendant Gamal Abdelaziz's eleventh-hour motion to exclude yearbooks is meritless. *See* Dkt. 2228. Through a high-school classmate and former teammate of the defendant's daughter, the government is offering *photographs* in the yearbooks of the varsity and junior varsity women's basketball teams to prove that while the defendant was conspiring with Rick Singer and others to have his daughter admitted to USC as a fake Division I basketball recruit, she was not even playing high-school basketball. The photographs, and the witness's testimony about those photographs, will establish that: (i) the defendant's daughter played junior varsity high-school basketball through her sophomore year; (ii) she never made her high-school's varsity basketball team; and (iii) she did not even play basketball, at all, during her junior and senior years. One yearbook even contains the photograph – of a girl that is *not the defendant's daughter* – appearing on the fraudulent basketball profile that Singer sent to the defendant. The defendant's motion to exclude the yearbooks should be denied for at least two reasons.

First, the motion is meritless as an evidentiary matter because it is well-established that photographs are not "statements" as defined in Fed. R. Evid. 801(a), and therefore are not inadmissible hearsay. *See, e.g.*, *United States v. Turner*, 934 F.3d 794, 798–99 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 1217 (2020) ("The photographs of [defendant] and the cash are images,

not statements, so they too are not hearsay."); *United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980) (affirming the "clearly correct" conclusion that photographs are not hearsay because "a photograph is not an assertion, oral, written, or non verbal, as required by [Rule 801(a)]"); *Laureano v. City of New York*, 2021 WL 3272002, at *6 (S.D.N.Y. July 30, 2021) (finding objection to photographs as hearsay was "without merit").  The government is offering the yearbooks for what their *photographs* of the basketball teams show, as interpreted by the witness's testimony, and what they do not show.  The government is aware of no precedent concluding that photographs are statements and therefore hearsay, and the defendant tellingly cites none.  *See generally* Dkt. 2228 at 1.

Second, the defendant opened the door.  During his opening statement, defense counsel showed the jury a junior varsity team photograph – that appears in one of the high-school yearbooks – and asserted that "Sabrina had been the MVP of her team her sophomore year."  Trial Tr. 9/13/21 at 52.  Even assuming that such photographs are hearsay (which they are not), the government is entitled to respond to purported hearsay in the defendant's opening statement by showing that the photograph depicted the junior varsity basketball team.  *See, e.g.*, *United States v. Brown*, 669 F.3d 10, 24 (1st Cir. 2012) (where defense "opened the door . . . during her opening statement," "the government had the right to introduce evidence to counter her claim"); *United States v. Landry*, 631 F.3d 597, 603 (1st Cir. 2011) (same).

## CONCLUSION

For the foregoing reasons, the defendant's motion to exclude Exhibits 702, 703, 704, and 705 should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 17, 2021          */s/ Ian J. Stearns*
                                   IAN J. STEARNS