## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19cr10080-NMG-4; 9cr10080- |
| Plaintiff, | ) NMG-17 |
| v. | ) |
| | ) **REQUEST FOR ORAL AGRUMENT** |
| GAMAL ABDELAZIZ, et al, | ) |
| | ) |
| Defendants. | ) |

## MOTION OF NON-PARTY RON CRAWFORD TO INTERVENE AND QUASH TRIAL SUBPOENA

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, Ron Crawford respectfully moves to intervene for the limited purpose of asking this Court to quash a trial subpoena for testimony served on approximately August 21, 2021 by counsel for defendants Gamal Abdelaziz and John Wilson.  Mr. Crawford moves to quash the subpoena on the grounds that (1) it seeks irrelevant, inadmissible testimony; and (2) compliance with the subpoena will unduly burden him.

Mr. Crawford has never met either defendant Abdelaziz or Wilson, and otherwise has no involvement in the admission process for any of the students at issue in this prosecution.  He has no firsthand knowledge of any of the alleged misrepresentations defendants made, and knows nothing about the defendants' purported illicit payments and improper conduct.  Mr. Crawford's testimony would be limited to inadmissible character evidence concerning a potential *witness* to the case, William "Rick" Singer, who the government has indicated that it has no intention of calling. Additionally, Mr. Crawford will face a significant burden if he is required to travel across the country during a global pandemic to testify in person in this ongoing federal trial.  Accordingly, Mr. Crawford asks this Court to grant his motion to intervene and quash the subpoena in its entirety. Should the Court determine that Mr. Crawford has any relevant knowledge to the allegations in this

case, Mr. Crawford asks that in the alternative, he be allowed to testify via Zoom or other remote means rather than travelling thousands of miles from Seattle, Washington to Boston, Massachusetts to testify in person.

## BACKGROUND

## I.      CHARGES AGAINST DEFENDANTS AND LACK OF CONNECTION TO MR. CRAWFORD

Defendants Gamal Abdelaziz and John Wilson have been charged in a Fourth Superseding Indictment with conspiring with Mr. Singer and others to commit fraud, bribery, and money laundering.  The underlying allegations are that the defendants falsely presented their children to university admissions departments as legitimate athletes, and induced athletic department officials to recruit their children using *quid pro quo* payments.

Mr. Crawford is the Vice President of Global Benefits for Starbucks Coffee Company ("Starbucks").   There is no allegation that Mr. Crawford knows anything about Defendants Abdelaziz and Wilson, their relationships with Mr. Singer, any bribes to Mr. Singer or universities, or any other allegations in this case.

Mr. Crawford's sole connection to this case is his peripheral and fleeting contact with Mr. Singer.  In January 2018, Mr. Crawford attended a seminar put on by a financial management firm, Freestone Capital Management, at which Mr. Singer was speaking.  Mr. Singer presented a session on the college selection and application process.  Mr. Crawford thought the topic of college admissions would be a good subject for a "lunch and learn" meeting at Starbucks, and looked up Mr. Singer's company, The Key.  Mr. Crawford sent an email to the general inbox on Mr. Singer's website and invited him to speak at Starbucks headquarters in Seattle sometime.  Mr. Singer agreed to do so and held the session at Starbucks in July 2018.  Mr. Singer did not have any further meetings at Starbucks on the day of the presentation and has not given any additional presentations

at Starbucks since July 2018.  Mr. Crawford has not had any contact with Mr. Singer since that time, and to his knowledge, Mr. Singer did not have further contact with the attendees at the lunch and learn session at Starbucks.

## II.    DEFENDANTS' SUBPOENA

On August 21, 2021, defense counsel served Mr. Crawford with a subpoena purporting to command Mr. Crawford's appearance to testify on September 13, 2021 regarding "[a]ll communications with Rick Singer."  On September 6, 2021, defense counsel served a new subpoena for testimony on September 20, 2021.  Counsel for Mr. Crawford met and conferred with defense counsel.  During the meet and confer process, defense counsel explained that Mr. Crawford's testimony "may be relevant to establishing Mr. Singer's apparent credibility as a legitimate college admissions advisor and his speaking engagements at large companies."

Defense counsel does not dispute that Mr. Crawford has no connection to the factual allegations in the indictment whatsoever.  Nonetheless, defense counsel opposes Mr. Crawford's motion to quash.  The government takes no position on Mr. Crawford's motion to intervene or to quash.

Defense counsel has assented to the alternative relief sought by Mr. Crawford, to testify by Zoom or other remote means.  Defense counsel has also indicated that it expects Mr. Crawford's direct testimony to be brief in duration.  The government opposes Mr. Crawford's request to testify remotely.

## LEGAL STANDARD

"Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest." *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (citations omitted).  Mr. Crawford's interest in quashing the subpoena will not be

adequately represented by either party in this criminal case.  As of this filing, the defendants have refused to withdraw the subpoena, and the government opposes the motion for Mr. Crawford to appear remotely.  Neither the government nor defense counsel are taking a position as to Mr. Crawford's motion to intervene.

Subpoenas seeking testimony for use in a criminal trial are governed by Federal Rule of Criminal Procedure 17.  *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The proponent of a Rule 17 subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon*, 418 U.S. 683, 700 (1974) (quotations omitted); *see also United States v. Khan*, No. 06-CR-255 (DLI), 2009 WL 152582, at \*2 (E.D.N.Y. Jan. 20, 2009) (applying the *Nixon* test to several subpoenas for trial testimony).  Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, "courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Stern v. U.S. Dist. Ct.,* 214 F.3d 4, 17 (1st Cir. 2000).

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See*, *e.g*., *United States v. Henry*, 482 F.3d 27, 30-31 (1st Cir. 2007) (affirming trial court's decision to quash subpoenas pursuant to Fed. R. Crim. P. 17(c)(2)); *United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding district court order quashing subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)).

## ARGUMENT

### I.   DEFENDANTS' SUBPOENA SEEKS IRRELEVANT AND INADMISSIBLE TESTIMONY

Defendants have not and cannot meet their burden of showing that Mr. Crawford's testimony is relevant and admissible.  Mr. Crawford has no knowledge of the specific allegations against defendants.  He knows nothing regarding any purported payments made by defendants to Mr. Singer or any other party, and he knows nothing regarding alleged fraudulent statements made by defendants.  Instead, Mr. Crawford's testimony will be limited to two brief encounters with Mr. Singer:  first, as one attendee of presumably many at a financial planning seminar; and second, as the corporate host of a "lunch and learn" session put on by Mr. Singer at Mr. Crawford's place of employment.  Mr. Crawford never engaged Mr. Singer as a college counselor or advisor; nor does he know any other people who did.

In essence, the defense seeks to offer Mr. Crawford's testimony as character evidence regarding Mr. Singer's character or character traits (i.e., to verify that Mr. Singer was a compelling speaker).  But evidence concerning Mr. Singer's conduct at the financial planning seminar or the lunch and learn is not admissible to prove that he acted similarly in his interactions with defendants. *See* Fed. R. Evid. 404(a)(1).  Nor is it particularly probative even as far as character evidence goes, given how little contact Mr. Crawford had with Mr. Singer.  And, even if Mr. Singer were to be a witness – and at present, there is no reason to think that he will be – this character evidence is not admissible under any of the Rule-based exceptions for witness character evidence.  Therefore, Mr. Crawford's testimony is not probative of any facts at issue in this case.

### II.   DEFENDANTS' SUBPOENA UNDULY BURDENS MR. CRAWFORD

Even if Mr. Crawford did possess some relevant, admissible information—and he does not— appearing to testify imposes an impermissible burden on him.  Under FRCP 45, "[a] party or an

attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P. 45(c)(1).[1] "[T]he test for 'undue burden' is a balancing test that pits the need of the party for the sought [testimony] against the interests of the subpoenaed witness in resisting compliance."  *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007); *see also Behrend v. Comcast Corp*., 248 F.R.D. 84, 85–86 (D. Mass. 2008) (citations omitted).  As to the nature of the undue burden on a witness for complying with a subpoena, a witness must show there would be "a clearly defined and serious injury."  *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019).  Importantly, the unwanted burden imposed on non-parties is entitled to "special weight" in performing this balancing test.  *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir. 1998).

Travelling from Seattle to Boston to provide brief and inconsequential testimony in this case imposes an undue burden on Mr. Crawford.  As the Court is well aware, the COVID-19 pandemic persists, and the Delta variant puts even vaccinated individuals at risk of breakthrough infections.  That risk is increased by activities such as cross-country travel, which would subject Mr. Crawford to airports, airplanes and other public spaces.

## III.   IF REQUIRED TO TESTIFY, THE SUBPOENA MUST BE MODIFIED TO ALLOW MR. CRAWFORD TO TESTIFY REMOTELY

Should Mr. Crawford be required to testify in this case, he should be allowed to do so by remote means using two-way video technology such as Zoom.  The defendants agree that remote testimony would suffice; there is no Confrontation Clause issue at play.  There is no reason that remote testimony would not be an effective substitute for in-person testimony.  This is especially

[1] In evaluating whether to enforce a witness subpoena pursuant to Federal Rule of Criminal Procedure 17, looking to precedent under Federal Rule of Civil Procedure 45 is advantageous, since the two are "substantially the same."  *See* Advisory Committee Notes, 1944 Adoption of Rule 17

true in the midst of a global pandemic during which remote trials and depositions have been held routinely.  Indeed, even in a case where the criminal defendants did invoke the Confrontation Clause, the Southern District of New York found that the exigencies of the COVID-19 pandemic outweighed the defendant's right to in-person examination.  *United States v. Akhavan*, No. 20-CR-188 (JSR), 2021 WL 797806, (S.D.N.Y. Mar. 1, 2021)

Case law regarding remote depositions also provides helpful insight.  Courts routinely permit remote depositions, observing that "[t]he more recent court decisions permitting remote depositions during the pandemic build on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time."  *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at \*5 (N.D. Ill. June 25, 2020)) (internal brackets omitted).  Even for "an important witness," courts have held that "'remote depositions are a presumptively valid means of discovery' even without the in-person interaction."  *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. 2020) (quoting *Usov v. Lazar*, 2015 WL 5052497, at \*1 (S.D.N.Y. Aug. 25, 2015)).  As one federal court held last month when refusing to order in-person depositions, there are "literally scores of cases reported in Westlaw that have refused to allow attorneys to take in-person depositions as opposed to video depositions during the worldwide pandemic."  *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2021 WL 3566596 at \*2 (N.D. Ill. Aug. 12, 2021).

Locally, the Massachusetts Supreme Judicial Court (SJC) has also ordered that remote depositions be conducted without the need for a party to obtain a protective order or for a stipulation.  "It would seem contrary to the intent and spirit of the emergency SJC Order to allow for a party to essentially force a deponent to attend a deposition in person in the midst of the

pandemic without a further showing of specific necessity." *Dumouchel v. Love*, 2020 WL 8182901, at \*2 (Mass. Sup. Ct. Middlesex Cnty. Dec. 18, 2020) (construing SJC Order OE-144, May 26, 2020 (modified Oct. 23, 2020)).

Because there is no reason that Mr. Crawford must give in-person testimony, and given the inherent risks of air travel and in-person testimony at this time, Mr. Crawford respectfully requests that, should the Court require Mr. Crawford to testify in this matter, the Court take the prudent and efficient approach approved by courts nationwide by allowing Mr. Crawford to testify via Zoom or other remote means.

**CONCLUSION**

For all the foregoing reasons, Mr. Crawford respectfully requests that this Court allow Mr. Crawford to intervene in this matter and asks the Court to quash Defendants' subpoena commanding Mr. Crawford's appearance to testify on September 20, 2021.

Dated: September 20, 2021

Respectfully submitted,

_/s/_  Kristyn DeFilipp
Kristyn DeFilipp
Laura D. Gradel
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-832-1000
KBunceDeFilipp@foleyhoag.com
lgradel@foleyhoag.com

*Counsel for Ron Crawford*

## LOCAL RULE 7.1 CERTIFICATION

I, Kristyn B. DeFilipp, certify that I conferred with AUSA Stephen Frank who opposes this motion to the extent it seeks to have Mr. Crawford appear remotely and takes no position on the motion to intervene or quash.  I further certify that I conferred with counsel for the defendants Gamal Abdelaziz, John Wilson and who oppose the motion to quash but assent to the alternative motion to modify.

/s/ Kristyn M. DeFilipp

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on September 20, 2021.

/s/ Kristyn M. DeFilipp