UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

**DEFENDANT GAMAL ABDELAZIZ'S MOTION FOR LIMITING INSTRUCTION**

Defendant Gamal Abdelaziz respectfully moves this Court to provide the jury with a limiting instruction regarding the alleged personal payments to Donna Heinel, including the invoice Ms. Heinel allegedly drafted stating that the $20,000 was in partial payment for services rendered regarding Sabrina Abdelaziz (Proposed Exhibit 596A).  The government has admitted in its opening (and elsewhere) that Mr. Abdelaziz was not aware of any personal payments to Ms. Heinel.  *See* Trial Day 1 (Sept. 17, 2021) Tr. at 34:25-35:4 ("Again, Singer did not let the parents in on this part of the scheme, but whether the money went to the insider's pocket or to their program, the important point is what the money was for, what it was intended to do.").  Indeed, Sabrina Abdelaziz was provisionally admitted to USC in October 2017, and Mr. Abdelaziz made his donation in March 2018.  Ms. Heinel allegedly didn't start accepting personal payments until July 2018.  The risk of juror confusion and transference of guilt is very high.  *See* Fed. R. Evid. 403; *United States v. Bain*, 874 F.3d 1, 27 (1st Cir. 2017) ("When assessing the probative value of evidence under Rule 403, a court must consider both whether the evidence was offered to prove an issue that was in genuine dispute, and whether the evidentiary point could have been made with other evidence that did not present a risk of unfair prejudice.").  For that reason, when the undersigned moved to strike part of the indictment regarding the

alleged personal payments to Ms. Heinel, the Court stated that it would entertain a limiting instruction at the appropriate time.  *See* Dkt. 1430 at 4 (the Court stating "Although the government does not allege that the defendants knew that Singer agreed to pay Heinel $20,000 per month, such evidence is relevant to explain the full extent of the conspiracy and to show what happened to the money paid by the parents.  **Whether that evidence should be admitted at trial only in conjunction with a limiting instruction to the jury is, however, a question for another day.**") (emphasis added).  Now is time for the limiting instruction.  Defendants propose the instruction should state:

> The jury is reminded that proof that a defendant willfully joined a conspiracy must be based upon evidence of each defendant's own words and/or actions.[1]  The government has stated that Defendant Abdelaziz did not know about the alleged personal payments to Ms. Heinel or the invoice.  In determining Mr. Abdelaziz's intent, you are instructed to disregard the personal payments to Ms. Heinel and the invoice.  Such evidence is only relevant to the nature, scope, and operation of the alleged conspiracy.

| | |
|---|---|
| Dated: September 21, 2021 | Respectfully submitted, |
| | GAMAL ABDELAZIZ |
| | By his attorneys, |
| | */s/ Brian T. Kelly*<br>Brian T. Kelly (BBO # 549566)<br>Joshua C. Sharp (BBO # 681439)<br>Lauren a. Maynard (BBO # 698742)<br>NIXON PEABODY LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 345-1000<br>bkelly@nixonpeabody.com<br>jsharp@nixonpeabody.com<br>lmaynard@nixonpeabody.com |
| | Robert Sheketoff (BBO # 457340) |

---

[1] *United States v. Cintolo,* 818 F.2d 980, 1003 (1st Cir.1987)

One McKinley Square
Boston, MA 02109
617-367-3449

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 21, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*
Joshua C. Sharp