```
                    United States District Court
                      District of Massachusetts
_____
                              )
United States of America,     )
                              )
            v.                )   Criminal Action No.
                              )   19-10080-NMG
Gamal Abdelaziz and John Wilson, )
                              )
            Defendants.       )
_____)
```

## ORDER

**GORTON, J.**

1.  Defendant John Wilson's motion to exclude evidence related to a recording made of a conversation between Marci Palatella and William "Rick" Singer, in particular, statements recounted by Palatella and attributed to defendant Wilson's wife, Leslie Wilson, is **DENIED**. Ms. Wilson is an unindicted co-conspirator in the single conspiracy alleged by the government. As such, her statements, like Palatella's, are within the co-conspirator exclusion to the rule against hearsay. See Fed. R. Evid. 801(d)(2)(E). Both Palatella's and Ms. Wilson's statements are probative of the existence of a single conspiracy. Therefore, those statements are admitted de bene esse subject to a Petrozziello determination, just as the Court previously has ruled co-conspirator statements are to be admitted in this case. See Docket No. 2101.

1

2.   Objecting Parent's motion to intervene (Docket No. 2196) is **DENIED as moot**. This Court has already issued a protective order providing, inter alia, for the redaction or substitution of personally identifying information and the anonymization or generalization of all other specific information.  See Docket No. 2096.  The Court has also previously instructed the parties as to when evidence of other students' admission to USC will be admissible.

3    Defendants' motion to exclude as evidence a page from USC's website addressing the college admissions scandal (Docket No. 2181) is **DENIED without prejudice**.  The government has stated that it does not intend to offer the evidence at issue unless defendants open the door to its admission.  Defendants remain free to object to the admission of the evidence if and when the government seeks to introduce it.

4.   Defendant Abdelaziz's motion requesting that the Court inform the jury that the government's objection to attorney Kelly's opening statement with respect to the text exchange between two admissions officers has been withdrawn (Docket No. 2200) is **DENIED without prejudice**.  The Court will instruct with respect to any and all material misstatements in the parties' openings at the close of evidence.

5.   Defendants' motion for a continuing objection with respect to certain rulings of the Court as enumerated in Docket No. 2189 is **ALLOWED**.

6.   Insofar as the government seeks to admit photographs of the girls' varsity and junior varsity teams from certain yearbooks, the motion of defendant Gamal Abdelaziz to exclude yearbooks as hearsay inadmissible under any exception (Docket No. 2228) is **DENIED**.  The team photographs are not "statements", see Fed. R. Evid. 801(a), and thus the rule against hearsay does not apply.  However, because the text is hearsay not within an exception to the rule, to the extent the government seeks to introduce text from the yearbooks, defendant's motion is **ALLOWED**.

7.   Defendants' motion for a limiting instruction as to the use of evidence regarding other alleged co-conspirators presented by the government is **DENIED without prejudice**.  The Court will consider appropriate instructions to the jury after the close of evidence.

8.   Defendants' motion for a limiting instruction as to the use of evidence regarding school tuition payments made by Rick Singer for the benefit of Jovan Vavic's children is **DENIED**.  The government's presentation of that evidence to the jury made it apparent that the payments significantly post-dated Johnny

Wilson's admission and no connection thereto was suggested or implied. Consequently, the Court sees no need to direct the jury further on the matter.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated September 20, 2021