UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> GAMAL ABDELAZIZ, *et al.*, </br></br> Defendants | ) </br> ) </br> ) Criminal No.: 19-10080-NMG </br> ) </br> ) </br> ) </br> ) </br> ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT GAMAL ABDELAZIZ'S
MOTION TO INTRODUCE EXHIBITS (Dkt. 2247)**

The government respectfully submits this opposition to defendant Gamal Abdelaziz's motion to introduce proposed exhibits 1254, 1255, 1540, and 1541. The proposed exhibits are not admissible as extrinsic evidence to impeach Mikaela Sanford because she acknowledged their existence and content. They are not admissible pursuant to the rule of completeness because, as Abdelaziz concedes, they are a separate series of emails with different participants than Exhibit 458, the exchange among Abdelaziz, Sanford and others that the government introduced. Abdelaziz's remaining purpose for introducing the documents is, by his own account, to prove that Sanford "add[ed] activities listed on the fake profile to Sabrina's Common Application without Sabrina's or Gamal's knowledge." Dkt. 2247 at 2. For this purpose, Abdelaziz relies on Sanford's statement in one of the emails: "Will update her app and submit." *Id*. This is pure hearsay: an out-of-court statement introduced to prove the truth of the matter asserted – that Sanford *in fact* updated the application and submitted it. For these reasons, Abdelaziz's motion should be denied.

**BACKGROUND**

During Sanford's cross-examination, Abdelaziz's counsel sought to introduce exhibits 1254, 1255, 1540, and 1541, which are emails between Sanford and Rick Singer in January 2018. Counsel first asked Sanford to confirm that she did not remember what she meant when she told

Abdelaziz, in Exhibit 458, "I have to confirm a few things with Rick before I can submit" the USC application for Sabrina.  9/20/21 Trial Tr. at 87:23–88:3.  Sanford testified that she did not remember.  *Id.* at 88:3.  Counsel then sought to refresh Sanford's memory with proposed exhibit 1540 – an email Sanford sent to Singer bearing the subject line: "Please send profile for Sabrina Aziz."  Counsel asked: "Didn't you ask Rick Singer for an athletic profile for Sabrina?"  *Id.* at 88:23–24.  Sanford responded that she did not know "what profile is being referred to in this email. . . . [I]t just says 'profile.' There's no elaboration."  *Id.* at 88:25–89:2.  Counsel then asked: "[D]id you on many occasions ask for an athletic profile from Rick Singer?"  *Id.* at 89:11–12.  Sanford responded: "No, I never asked for a profile – or an athletic profile from Rick Singer."  *Id.* at 89:13–14.  Counsel then sought to refresh Sanford's memory with proposed exhibit 1541, an email from Singer to Sanford in which he said "[j]ust sent."  *Id.* at 89:15–16.  Counsel asked: "Does this refresh your memory as to whether he sent you anything regarding a profile for Sabrina?"  *Id.* at 89:22–23.  Sanford responded: "No."  *Id.* at 89:24.  She added, "I don't have any recollection of this e-mail."  *Id.* at 90:2–3.  Counsel then sought to refresh Sanford's memory with proposed exhibit 1254, an email forwarding Sanford the fake athletic profile for Sabrina that Singer had previously sent to Abdelaziz.  *Id.* at 90:8–9; *see also* Exhibit 352.  Counsel asked: "[D]oes this refresh your recollection as to whether Singer sent you an athletic profile regarding Sabrina?"  *Id.* at 90:13–14.  Sanford responded: "Yes."  *Id.* at 90:16.

Having confirmed that Sanford remembered receiving the athletic profile from Singer, counsel then inquired whether Sanford had used the profile to add awards to Sabrina's Common Application.  He asked: "[Y]ou don't remember whether or not this had to do with Sabrina's Common App application with awards that were added?"  *Id.* at 91:9–10.  Sanford responded: "No, because I'm not seeing that mentioned in detail in the actual e-mail exchange."  *Id.* at 91:11–

2

12. Counsel then sought to refresh Sanford's memory with proposed exhibit 1255: an email in which Sanford advised Singer, "Thanks.  Will update her app and submit."  Counsel asked: "Does it refresh your memory as to whether or not you ever -- you ever updated Sabrina's application and then submitted it with information provided by Singer?"  *Id*. at 91:24–92:1.  Sanford affirmed that the email *did* refresh her memory, testifying: "In the e-mail I responded and said that."  *Id*. at 92:2.  Counsel confirmed: "So you did add information to Sabrina's Common Application, correct?"  *Id*. at 92:3–4.  Sanford acknowledged: "According to the e-mail string, that's what that says."  *Id*. at 92:5.  Counsel and Sanford then had the following exchange:

> Q. And the information you added to Sabrina's application pertained to sports, right?
>
> A. I'm not a hundred percent sure what I even added from -- or added to her application.
>
> Q. But whatever you added, you got it from Singer, right?
>
> A. It would have come from -- or -- I can't say -- I can't say what I added to her actual application.

*Id.* at 92:6–12.

During the foregoing inquiry, the Court sustained the government's objections to the admission of the defendant's proposed exhibits, recognizing that "just because [a document] refreshes her recollection doesn't make it admissible."  *Id*. at 90:20–21; *see also id*. at 89:8–9.  Abdelaziz now moves again to admit the emails, arguing that they are admissible for impeachment purposes and under the rule of completeness, and that he does not seek to admit them for the truth of the assertions they contain.  These arguments are without merit.

3

**ARGUMENT**

**A. The Emails Are Not Admissible as Extrinsic Evidence of Prior Inconsistent Statements for Purposes of Impeachment**

Abdelaziz contends that the emails are admissible to impeach Sanford because they "cut[] against her repeated attempts to minimize her knowledge of and involvement in the creation of fake profiles and directly refutes her statement that she 'never asked for a profile . . . from Rick Singer.'" Dkt. 2247 at 4. But after her memory was refreshed, Sanford *acknowledged* that Singer sent her the athletic profile, thereby resolving the alleged inconsistency. *See* 9/20/21 Trial Tr. at 90:13-16. Accordingly, the emails are inadmissible as extrinsic evidence of prior inconsistent statements. *See United States v. Hale*, 685 F.3d 522, 539 (5th Cir. 2012) (citation omitted) ("We have held that '[p]roof of such a statement may be elicited by extrinsic evidence only if the witness on cross-examination denies having made the statement.'"); *Rush v. Ill. Cent. R. Co.*, 399 F.3d 705, 723 (6th Cir. 2005) ("We long have held that when a witness admits to making a prior inconsistent statement, extrinsic proof of the statement is inadmissible."). Moreover, nothing in the emails suggests Sanford's "involvement in the *creation* of fake profiles," as Abdelaziz contends. To the contrary, the emails at most suggest that Sanford received from Singer the same profile he sent Abdelaziz *five months earlier*, in August 2017. *See* Ex. 352. Sanford acknowledged as much in her testimony. And nothing in the emails suggests that Sanford knew the information on the profile was false, or that she had any basis for knowing that.

**B. The Rule of Completeness Does Not Apply**

The proposed exhibits are also not admissible under Rule 106, because they are not part of the email chain that is in evidence at Exhibit 458, and thus do not complete it. Indeed, Abdelaziz's central point is that the exhibits are a *separate* chain, to which he was not a party. *See* Dkt. 2247 at 1 (describing Exhibits 1254, 1255, 1540, and 1541 as part of a "side email chain").

4

Abdelaziz further contends that the emails are admissible to prove "that he was unaware of false information being submitted to USC." *Id*. at 5. But the emails do not support that contention. As an initial matter, unless they are admitted for the truth of their assertions – a pure hearsay purpose – they do not prove that any of the information in the athletic profile was actually imported into Sabrina Abdelaziz's application. But even if the emails were admitted for that improper purpose, they do not advance Abdelaziz's contention that he was unaware of that false submission to USC. Critically, by January 2018, when the emails were sent, Abdelaziz knew that Sabrina Abdelaziz *had already been approved for admission* to USC as a recruited athlete, based on the falsified athletic profile that Singer sent him five months earlier, *see* Ex. 390, and Abdelaziz had requested Sanford's assistance in meeting USC's admission requirements for recruited athletes, which included registering Sabrina with the NCAA, *see* Ex. 415. Likewise, Abdelaziz had already reviewed and edited Sabrina's application essay concerning her passion for basketball, and had approved the inclusion of basketball in the "activities" portion of her application. *See* Exs. 458, 459. Accordingly, even taken for the truth of their assertions, nothing in the emails between Sanford and Singer contradicts any of those facts.

C. **Exhibits 1254, 1255, 1540, and 1541 Are Hearsay**

Finally, Abdelaziz argues that he does not seek the admission of the emails for their truth, and contends that they "barely contain any assertions." Dkt. 2247 at 2–3. But no matter how brief, an out-of-court statement offered to prove the truth of the matter asserted is inadmissible hearsay. Fed. R. Evid. 801 & 802. Here, the emails Abdelaziz seeks to admit are not relevant for any purpose other than to prove the truth of the matter asserted: that Sanford incorporated information from Sabrina's athletic profile into her USC application and submitted it.

5

By Abdelaziz's own account, the emails in proposed exhibits 1254, 1255, 1540, and 1541 form a single "side-chain," and thus must be considered together. In proposed exhibit 1540, Sanford requests that Singer send her Sabrina's profile.[1] In proposed exhibit 1541, Singer contends that he "just sent" the profile.[2] In proposed exhibit 1255, Sanford asserts, upon receipt of the profile (proposed exhibit 1254), that she will "update [Sabrina's] app and submit."

It is not the fact that the emails were sent that Abdelaziz seeks to prove – Sanford admitted that on the stand. Rather, Abdelaziz's counsel offered the emails for the explicit purpose of proving that Sanford *in fact* added information from Sabrina's fake profile to her USC application. Because the emails are thus relevant only for the purpose of establishing the truth of their assertions, they are quintessential hearsay.

Abdelaziz's contention that proposed exhibit 1255 is admissible as a statement of intent under Rule 803(3) is incorrect. As the Second Circuit has made clear: "The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule. This would be the result of allowing one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." *United States v. Cardascia*, 951 F.2d 474, 487–88 (2d Cir. 1991). Here, Abdelaziz seeks to offer Sanford's asserted intent to "update the app and submit" to prove that she later did just that. That is not permitted.

---

[1] Even taken by itself, this email is hearsay. Contrary to Abdelaziz's contention, "'[a]n utterance that is in the form of a question can in substance contain an assertion of fact.'" *United States v. Torres*, 794 F.3d 1053, 1059—61 (9th Cir. 2016) (quoting 4 Clifford S. Fishman & Anne T. McKenna, Jones on Evidence, § 24:13, 168 (7th ed. Supp. 2012)). Here, the assertion of fact is that the "profile" Sanford was requesting was the athletic profile Singer sent.

[2] Again, even taken by itself, this email is hearsay to the extent it is admitted to prove that Singer "just sent" the profile, as he asserted.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny defendant Abdelaziz's motion to introduce proposed exhibits 1254, 1255, 1540, and 1541.[3]

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Kristen A. Kearney
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    STEPHEN E. FRANK
    IAN J. STEARNS
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 22, 2021          /s/ Kristen A. Kearney
                                  KRISTEN A. KEARNEY
                                  Assistant United States Attorney

---

[3] Should the Court find proposed exhibits 1244, 1245, 1540, and 1541 are admissible for impeachment or completeness, the government requests the Court give a limiting instruction on the purpose for which they can be considered.