```
                    United States District Court
                      District of Massachusetts
_____
                                   )
United States of America,          )
                                   )
             v.                    )    Criminal Action No.
                                   )    19-10080-NMG
Gamal Abdelaziz and John Wilson,   )
                                   )
             Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Abdelaziz moves for admission of Exhibits 1254, 1255, 1540 and 1541, marked for identification as, respectively, Exhibits C, D, E and F.  The exhibits are emails between Rick Singer ("Singer") and Mikaela Sanford ("Sanford") concerning Sabrina Abdelaziz's application to USC.

The messages at issue were sent soon after Sanford and Abdelaziz exchanged emails regarding the application of his daughter to USC that have been admitted and are referred to therein.  Defendant argues that the emails tend to show that defendant was unaware of the false athletic profile which was being created behind Abdelaziz's back by Singer and his employees.  Abdelaziz asserts that the messages are not hearsay because they "barely contain any assertions that would even make them capable of being hearsay" and, in any event, are admissible

-1-

to impeach Sanford. Furthermore, the defendant submits that the emails should be admitted under Fed. R. Evid. 106 for completeness.

The government responds that the emails are inadmissible: (1) as extrinsic evidence to impeach Sanford because she acknowledged their existence and content, (2) under the rule of completeness because they are contained within chains of emails that are separate and apart from the messages in evidence, and (3) because they are hearsay. The defendant has filed a reply to the government's motion reiterating that the emails are not hearsay.

The four emails at issue are pure hearsay because they are, in fact, offered for the truth of the matters asserted, specifically that Sanford requested and received Sabrina's athletic profile from Singer prior to Sanford's submission of her application to USC, and that Sanford intended to update Sabrina's application with the information provided by Singer. See Fed. R. Evid. 802.

Furthermore, the emails cannot properly be used to impeach Sanford because she admitted the messages were exchanged when confronted with them during cross examination. See Fed. R. Evid. 613(b); United States v. Pridgen, 518 F.3d 87, 91 (1st Cir. 2008) ("Rule 613(b) permits admission of extrinsic evidence of a

-3-

witness's prior inconsistent statement in limited circumstances...[the] required foundation includes giving the witness an opportunity to explain or deny the out of court statement."). Nor does the rule of completeness warrant their admission. The relevant emails are not part of any email chain in evidence and fairness does not weigh in favor of their admissibility. See Fed. R. Evid. 106. The exclusion of these emails does not unduly prejudice Abdelaziz in his defense that he was unaware of the false information that Sanford (and Singer, indirectly) submitted to USC on his daughter's behalf.

### ORDER

For the foregoing reasons, the motion of defendant Abdelaziz to introduce Exhibits 1254, 1255, 1540 and 1541 is **DENIED**.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                             Nathaniel M. Gorton
                                             United States District Judge

Dated September 24, 2021