UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

**DEFENDANTS' OPPOSITION TO NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION TO QUASH DEFENDANTS' TRIAL SUBPOENAS FOR RECORD-KEEPER TESTIMONY**

Defendants seek a University of Southern California ("USC") record-keeper to certify documents about USC's own operations that USC personnel created and USC produced. These documents are relevant and central to this case to impeach witnesses and defend against the government's honest-services fraud charge. They are also admissible as business records, under Rule 807, and for the non-hearsay purpose of providing circumstantial evidence of the state of mind of USC and its employees. Defendants respectfully request that the court deny USC's motion to quash. Defendants have provided USC with the documents that they seek a record-keeper to certify,[1] and believe that they will be able to reach agreement with USC on their request.[2]

**I.    The records that Defendants will present to USC's record-keeper are relevant.**

Evidence of UCS's policies and practices—found in the records and communications of its employees—is relevant. *First,* the government has opened the door to this evidence by

---

[1]    This moots much of USC's motion to quash.

[2]    USC improperly seeks to evade basic discovery obligations by contending that the Defendants merely "appeared" to violate the Court's protective order and may intend to violate the Court's orders (Mot. at 4, 5)—which is false. *First*, the cross-examination questions USC identifies carefully avoided personally identifiable information. None of these questions violated any of the Court's orders; they were necessary and probative to impeach the witness's testimony. And the press coverage of this cross-examination did not include any of the detail that USC's brief does. *Second*, counsel for USC was in the courtroom during this cross-examination (of USC admissions officer Rebecca Chassin) and did not object. *Third*, during the week since Ms. Chassin's testimony, USC counsel has conferred multiple times with Defendants' counsel and belatedly raised its (groundless) objection only in its most recent motion to quash.

sponsoring testimony (a) that no part of the USC admissions process accounts for a history or potential of fundraising in making admissions decisions and (b) USC expects athletic recruits, even walk-ons, to have Division I level athletic talent.[3] The evidence the Defendants seek will directly contradict that (false) testimony. *Second*, the statements of USC employees are admissible for and highly probative of the "honest services" actually owed to and expected by USC. *E.g.*, ECF No. 2094; ECF No. 2171. USC ignores both of these compelling grounds for relevance, clinging instead to the Court's August 2021 statement about Defendants' state of mind. Moreover, it is unrealistic, prejudicial, and contrary to the adversarial system of justice if Defendants cannot present their defenses to the honest-services fraud charge because they are not be able to access witnesses or admit documents from the institution that they are accused of depriving of honest services—especially problematic when there is no serious doubt about the reliability of that evidence.

    **II.**    **Defendants seek the certification of admissible documents.**

Records of regularly conducted business activity, kept in the ordinary course of business, at or near the time, and by those with knowledge are admissible under Rule 803(6), if a "custodian or other qualified witness" testifies to the foundational requirements for their admission. Fed. R. Evid. 803(6). This is a routine, frequently applied exception to the Federal Rules of Evidence's ban on hearsay. The Defendants seek a record-keeper from USC to certify USC records. Contrary to USC's position, the Defendants do not claim that "any email produced by USC" is necessarily a business record. Rather, Defendants argue that an applicant's admission file cannot be understood as his or her application alone,[4] but necessarily includes the correspondence of those who had a duty to consider, advocate, or evaluate the applicant's admission. As **Exhibit A** demonstrates, behind each applicant's admission are conversations by

---

[3] Sept. 20, 2021, Trial Tr. 127:2 (Chassin testimony) ("[W]e don't offer admission in exchange for money.") Sept. 21, 2021, Trial Tr. 100:20-22, 101:2-3 (Chassin testimony) ("The work of the SUBCO was to consider students for athletic talent alone. . . . that is the expectations that all of the members of the office of admission have around what happens at SUBCO.").

[4] Something that the government concedes is a business record.

USC employees that become part of the applicant's file—both formally and informally—such as discussion about grades, donations, and the applicant's background. Internal correspondence about applicants, such as **Exhibit B**, also records the official activities and positions of USC employees, and demonstrates the competing priorities and considerations of USC offices. In addition, certain USC spreadsheets and other detailed, regularly maintained records concerning USC personnel's evaluation of applications—including routinely recorded observations about fundraising potential and athletic ability that USC concedes are part of its admission processes—are business records. *See, e.g.*, Sept. 21, 2021, Trial Tr. 136:5-13 (Chassin testimony). That such business records were at times attached to and transmitted by email does not change their nature.

Further, records that contain sufficient indicia of reliability and are "more probative on the point for which they are offered than any other evidence that the proponent can obtain through reasonable efforts" are admissible under Rule 807. Fed. R. Evid. 807. USC does not contest the trustworthiness of these records, and the government has stipulated to their authenticity. There is no more probative evidence on the issue of USC's policies and practices and the duties of its employees available to the Defendants, especially given the number of potential USC witnesses who are asserting their Fifth Amendment rights.[5]

Further, the ban on hearsay does not extend to the admission of out-of-court statements not offered for their truth. Statements offered as circumstantial evidence of the state of mind of a declarant, indicating the declarant's knowledge or notice, are admissible. 2 McCormick On Evid. § 249 (8th ed.) ("A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish [] state of mind thereby . . . such as receiving notice or having knowledge . . . or to show the information which X had as bearing on the reasonableness, good

---

[5] The Court recently denied a motion to quash trial subpoena filed by Alex Garfio, finding that "Defendants have made a sufficient showing that the testimony they seek is likely to be relevant, admissible, and specific." ECF No. 2265 at 7. But yesterday Defendants received notice from Garfio's counsel, attached hereto as **Exhibit C**, disclosing "Alex Garfio will assert his Fifth Amendment privilege if he is called to testify . . . ."

faith, or voluntariness of subsequent conduct . . . ."). And the knowledge of employees is what comprises the knowledge and state of mind of their employer:

> The acts of a corporation are, after all, simply the acts of all of its employees operating within the scope of their employment . . . the knowledge obtained by corporate employees acting within the scope of their employment is imputed to the corporation. Corporations compartmentalize knowledge, subdividing the elements of specific duties and operations into smaller components. The aggregate of those components constitutes the corporation's knowledge of a particular operation.

*United States v. Bank of New England, N.A.*, 821 F.2d 844, 856 (1st Cir. 1987) (internal citations omitted). Both individual employees at USC and USC itself have states of mind, which are relevant to the honest-services charge that Defendants face. The documents that Defendants would seek to admit reflect not just USC's regular practices, but the knowledge and notice of individual employees, which, collectively, is probative of USC's state of mind.

If USC's record keeper is not willing to certify some or all of the documents selected by the Defendants as business records, it is incorrect to conclude that they would be inadmissible.

Respectfully submitted:

By their counsel

/s/ *Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

*Counsel for John Wilson*

/s/ *Robert Sheketoff*
Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
(617) 367-3449

*Counsel for Gamal Abdelaziz*

Dated: September 28, 2021

## CERTIFICATE OF SERVICE

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

/s/ *Michael Kendall*
Michael Kendall