UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>GAMAL ABDELAZIZ, *et al.*,              )<br>)<br>)<br>Defendants                 ) | Criminal No.: 19-10080-NMG |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO ADMIT EXHIBIT 1219 AND EXHIBIT 1249 [Dkt. 2309]**

The government respectfully submits this opposition to the defendants' motion to admit Exhibits 1219 and 1249. *See* Dkt. 2309. The defendants have now attempted to introduce or elicit testimony about Exhibit 1219 (and another version of the same e-mail, Exhibit 1249) through three different witnesses, and they have subpoenaed three different USC witnesses in an attempt to introduce it. *See* 9/21/2021 Trial Tr. at 107; 9/27/2021 Trial Tr. at 76, 95; 9/28/2021 Trial Tr. at 204–05. After making a shifting series of arguments for the introduction of these exhibits, the defendants have now landed on Rule 803(3)'s hearsay exception for a declarant's then-existing mental condition. Neither exhibit is admissible on this ground, and they are also inadmissible under Rules 401 and 403.

**I.      BACKGROUND**

Exhibit 1219 is a June 8, 2017 e-mail from USC athletics compliance employee Scott Simon to Donna Heinel. No one from USC's admissions department was copied on the e-mail. The e-mail was sent several years after Johnny Wilson's admission to USC as a recruited athlete through the Subco. It was sent nearly four months after defendant Abdelaziz began sending

photographs of his daughter to Rick Singer for a Division I athletic profile, even though she stopped playing basketball approximately one year before that.[1]

The e-mail attached a scholarship analysis spreadsheet for various USC athletics teams. The spreadsheet itself is undated. It makes no reference to admissions or the Subco. Within the spreadsheet, there is a note referencing a "unique scenario for this year": that three students were included on the rosters of two teams not at issue in this case for "practice only," and were the children of donors. The note does not identify the students who were on the rosters for "practice only" or specify what year in school they were. Exhibit 1249 is an e-mail from an athletics executive assistant to Heinel six months later – in December 2017 – attaching a similar spreadsheet.

## II.     ARGUMENT

Exhibits 1219 and 1249 are inadmissible for at least three reasons. <u>First</u>, they are not relevant under Rule 401. <u>Second</u>, they are hearsay and not admissible under the exception for the declarant's then-existing state of mind under Rule 803(3). <u>Third</u>, they should be excluded under Rule 403.

### A.     <u>Exhibits 1219 and 1249 are Inadmissible under Rule 401</u>

The proffered exhibits are not relevant to this case. As this Court has already ruled:

> Unless there's evidence that a defendant was misinformed with respect to the admission policy of the subject university and/or ***knew*** that USC admitted a specific unqualified student whose parent made a large donation to the school ***before*** that defendant entered into the alleged conspiracy, evidence of what other unrelated students and parents did has ***no bearing*** on the defendants' state of mind[.]

---

[1] *See* Ex. 272; 9/17/2021 Trial Tr. at 176 (Q: "[W]hen is the last time that Sabrina Abdelaziz played basketball [in highschool]?" Sih: "At the end of the sophomore season, so it was late January, early February 2016.").

Dkt. 2108 at 6 (emphasis added). The defendants do not, because they cannot, suggest that either of them knew of the contents of e-mails, or of the attached spreadsheets, much less that they knew about the contents of those documents before they entered into the charged conspiracy. Nor has there has been any evidence introduced to date to suggest that either defendant was informed, by anyone, that their children could be "practice players" at USC.[2]

### B. The Hearsay Exception for Then-Existing State of Mind Does Not Apply

The defendants contend that Exhibit 1219, the e-mail from Simon to Heinel, is admissible under Fed. R. Evid. 803(3)'s hearsay exception for the declarant's then-existing state of mind. That is not true. Notably, the defendants do not cite, much less quote, the relevant rule, which provides that the following is "not excluded by the rule against hearsay":

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3). Heinel, of course, is not the declarant in either e-mail. She is the recipient.

The defendants also do not cite any caselaw. That is unsurprising, because there is no precedent for the defendants' unsupported interpretation of Rule 803(3). Indeed, under their reading of the rule, *every e-mail* would be admissible to establish the declarant's then-existing state of mind. *See* Dkt. 2309. That is not the law. "Three requirements must be satisfied for a statement to be admissible under the state of mind exception to the hearsay rule":

---

[2] To the contrary, the false athletic profile presented by Heinel to the Subco for Sabrina Abdelaziz indicated that she would be a "great addition" to the USC women's Division I varsity basketball team. *See* Ex. 373. That team, according to former associate head coach Aarika Hughes's testimony, did not recruit "practice players" or present them to Subco. 9/24/2021 Trial Tr. at 189–90 (Q. "Who were practice players?" A. "They were male practice players that were already enrolled in the university."). Rebecca Chassin also testified that Subco did not consider practice players. *See* 9/21/2021 Trial Tr. at 106.

> (1) the statement must be contemporaneous with the mental state sought to be proven; (2) it must be shown that declarant had no time to reflect, that is, no time to fabricate or misrepresent his thoughts; and (3) the declarant's state of mind must be relevant to an issue in the case.

*United States v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992). The defendants have not satisfied any of these three requirements. As an initial matter, the defendants cannot assert that Simon's e-mail is admissible to show *Heinel's* state of mind. *See United States v. Cintolo*, 818 F.2d 980, 1001 (1st Cir. 1987) (holding that notes by the declarant are inadmissible under Rule 803(3) to establish another person's state of mind). Nor is it clear how the state of mind of *Simon* – a USC athletics employee who never spoke with either defendant and had nothing to do with the admission of the defendants' children – is relevant at all. *See Prather v. Prather*, 650 F.2d 88, 90 (5th Cir. 1988) ("[I]t is clear that before a statement, otherwise hearsay, can be admitted under 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue in the case."). Nor is there any evidence that – even if Simon's mental state were somehow relevant – he authored the notes in the spreadsheet attached to the e-mail. Nor have the defendants made any showing that, even if Simon's mental state were relevant, and even if he did author the notes, he "had no time to reflect" before doing so *See Colosanto v. Life Ins. Co. of N. Am.*, 100 F.3d 203, 212 (1st Cir. 1996) ("Th[e] exception is not to be construed as a sweeping endorsement of all state-of-mind evidence."). Nor, even if he authored the notes and had time to reflect, is there any foundation to establish that the statement in the notes was "contemporaneous" with the mental state of Simon that the defendants seek to establish.

In short, the defendants cannot satisfy a single predicate for admission pursuant to Rule 803(3). Exhibits 1219 and 1249 are, accordingly, not admissible under that rule.

  C. **Exhibit 1219 and Exhibit 1249 are Inadmissible under Rule 403**

  Finally, even assuming Exhibits 1219 and 1249 are relevant and not hearsay, they should be excluded under Rule 403. Otherwise, the parties will need to engage in a series of mini-trials during a rebuttal case about who those three "practice players" are;' whether they were even freshman; whether they were admitted through Subco; whether their athletic credentials were misrepresented; whether their admission was in exchange for *quid pro quo* payments; and whether the defendants were aware of any of those facts before they entered into the conspiracy.

**III.** **CONCLUSION**

  For the foregoing reasons, the defendants' motion to admit Exhibit 1219 and Exhibit 1249 should be denied.

               Respectfully submitted,

               NATHANIEL R. MENDELL
               Acting United States Attorney

            By: */s/ Ian J. Stearns*
               KRISTEN A. KEARNEY
               LESLIE A. WRIGHT
               STEPHEN E. FRANK
               IAN J. STEARNS
               Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

  I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 29, 2021        */s/ Ian J. Stearns*
               IAN J. STEARNS
               Assistant United States Attorney