UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                    :
:
:
:
:
  -against-                                  :   Criminal No. 1:19-cr-10080-NMG
:
GAMA ABDELAZIZ, ET AL,                       :
:
      Defendants.                            :
:
:
------------------------------------------------------------x

## REPLY IN SUPPORT OF MOTION TO QUASH ON BEHALF OF NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA

Defendants' Opposition claims USC's motion to quash is partially moot because "Defendants have provided USC with the documents that they seek a record-keeper to certify." Opp. at 1. This is simply not accurate. After weeks of refusing to provide or identify the documents they demanded USC certify and *after* USC filed its motion to quash, Defendants provided USC with 133 documents, which Defendants described as a "subset of documents" they seek to certify. Defendants explicitly warned USC that they "have a significantly greater quantity of documents" for which they intend to seek certification, but Defendants have not provided or identified those documents to USC. Exhibit A. (Emphasis added.) Defendants continue to demand USC agree to certify documents it has not seen, and USC cannot agree to such a demand.[1]

---

[1] For example, Defendants' Opposition asserts "USC does not contest the trustworthiness of these records." Although USC has stipulated that any document it produced to Defendants or the government is authentic, USC cannot take any position on the "trustworthiness" of documents it has not seen.

Because Defendants dumped these documents on USC after USC filed its motion to quash,[2] USC has not had the opportunity to analyze each and every document Defendants provided to USC.  Based on USC's preliminary review, however, it is clear that most of the documents are not records maintained in the ordinary course of business but rather are communications such as emails and instant message chats.  Defendants take the incredible position that "conversations by USC employees" referencing applicants somehow "become part of the applicant's file—both formally and informally."  Opp. at 2-3.  Not surprisingly, Defendants cite no legal authority for this absurd proposition.  If every conversation concerning the same topic of a business record could somehow magically become part of the business record itself—even though the conversation were not kept in the course of regularly conducted activity and there was no regular practice of making such a record—then everything would be a business record.

Furthermore, as USC correctly anticipated, it appears that most of the 133 documents concern other students who were unknown to Defendants at the time they entered into the alleged conspiracy with Singer, and therefore are irrelevant to the requisite scienter the government must prove.  Dkt. 2108.  Defendants' demand that USC certify these documents as business records reflects Defendants' refusal to accept the Court's rulings, and serves as confirmation that Defendants remain intent on turning this case into a series of mini-trials about irrelevant USC applicants and a general attack on USC's admission practices.

---

[2] Federal Rules of Evidence requires that a party seeking certification of a business record under Rule 803(6) must provide the documents and certification to the adverse party <u>before</u> the trial.  See Fed. R. Evid. 902(11) ("<u>Before the trial</u> or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.") (Emphasis added.)  Because Defendants have failed to comply with the Federal Rules of Evidence, Defendants' trial subpoenas should be quashed for this reason alone.

Finally, Defendants' claim that the documents are relevant to impeach witnesses is meritless.  First, none of the documents USC has produced to Defendants is inconsistent with Ms. Chassin's testimony that USC does not offer admission in exchange for money.  Sept. 20, 2021 Tr. at 100-01.  The notion that employees in USC's Athletics Department may have hoped families would make donations does not at all establish that USC's Office of Admission admitted any students in exchange for any financial payments.  *See United States v. Rivera-Donate*, 682 F.3d 120, 127 (1st Cir. 2012) ("[T]he court must be persuaded that the statements are indeed inconsistent."); *United States v. Martin*, 694 F.2d 885, 888 (1st Cir. 1982) (same).  Second, Ms. Chassin already testified, and she was subjected to extensive cross-examination for nearly four hours.  The defendants cannot now seek to introduce extrinsic evidence to impeach her retroactively.  *See* Fed. R. Evid. 613(b) ("Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement[.]").  Third, if the documents were somehow admissible as impeachment evidence, USC would not have to produce an unidentified "Keeper of Record" to admit the documents as business records.

Defendants' demand that five "Keeper of Records" certify 133 documents as business records—even though they are not—and "a significantly greater quantity" of unknown documents as business records—even though USC has not received these documents—is absurd, abusive, and harassing, and the trial subpoenas for testimony should be quashed.

        Respectfully submitted,

        THE UNIVERSITY OF SOUTHERN CALIFORNIA

        By its attorneys,

        */s/ Debra Wong Yang*
        Debra Wong Yang (Admitted *Pro Hac Vice*)
        Douglas M. Fuchs (Admitted *Pro Hac Vice*)
        GIBSON DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        (213)229-7000
        dwongyang@gibsondunn.com
        dfuchs@gibsondunn.com

        */s/ Anthony E. Fuller*
        Anthony E. Fuller (BBO #633246)
        William H. Kettlewell (BBO# 270320)
        Elizabeth C. Pignatelli (BBO #677923)
        HOGAN LOVELLS US LLP
        125 High St., Suite 2010
        Boston, MA  02110
        (617) 371-1000
        anthony.fuller@hoganlovells.com
        bill.kettlewell@hoganlovells.com
        elizabeth.pignatelli@hoganlovells.com

Dated: September 30, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 30, 2021.

        */s/ Anthony E. Fuller*
        Anthony E. Fuller