UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | No. 19-CR-10080-NMG |

## DEFENDANTS' OBJECTION TO PROPOSED VERDICT FORM

Defendants Gamal Abdelaziz and John Wilson respectfully request that the Court provide the jury with a verdict form as set forth at Dkt. 2282. In particular, Defendants request that the verdict form contain only one question for each defendant for each count, asking the jury if the defendant in question is not guilty or guilty of that count.

"[S]pecial verdicts in criminal cases are generally disfavored." *United States v. Ellis*, 168 F.3d 558, 562 (1st Cir. 1999). The Federal Rules of Criminal Procedure, unlike the Federal Rules of Civil Procedure, do not contemplate special verdicts in criminal trials. As the Supreme Court has stated, "The absence of a special-verdict or interrogatory provision in the Criminal Rules is hardly accidental." *Black v. United States*, 561 U.S. 465 (2010). For this proposition, the Supreme Court cited Judge Hand's comments in *Skidmore v. Baltimore & Ohio R. Co.*, 167 F.2d 54 (2nd Cir. 1948):

> I should like to subject a verdict, as narrowly as was practical, to a review which should make it in fact, what we very elaborately pretend that it should be: a decision based upon law. In criminal prosecutions there may be, and in my judgment there are, other considerations which intervene to make such an attempt undesirable.

In *Black*, the Court considered a case in which the defendants requested, and received, a general verdict where both property fraud and honest services fraud were alternative theories of mail

fraud.  The Supreme Court found, "A criminal defendant, we hold, need not request special interrogatories, nor need he acquiesce in the Government's request for discrete findings by the jury, in order to preserve in full a timely raised objection to jury instructions on an alternative theory of guilt." *Black*, 561 U.S. at 468.  Although the Court stated in a footnote that it did "not mean to suggest that special verdicts in criminal cases are never appropriate" and gave—for instance—the example of a complex RICO case where it would be necessary to identify particular predicate acts, *Id.* at 472 n.11, the Supreme Court caution against the use of special verdicts as a general matter.

The First Circuit considered the issue at length in *United States v. Spock*, 416 F.2d 165 (1st Cir. 1969).  There, the Court stated:

> The submission of questions to the jury in civil cases is an everyday occurrence. In criminal cases, outside of a special, narrow area, the government is not only without precedent, but faces a formidable array of objections. The simplest is that the Federal Rules of Criminal Procedure contain no provision complementing F.R.Civ.P. 49 covering the civil practice…
>
> Of more substantive importance is the fundamental difference in the jury's functions in civil and criminal cases. In civil trials the judge, if the evidence is sufficiently one-sided, may direct the jury to find against the defendant even though the plaintiff entered the case bearing the burden of proof. F.R.Civ.P. 50. In a criminal case a court may not order the jury to return a verdict of guilty, no matter how overwhelming the evidence of guilt.  This principle is so well established that its basis is not normally a matter of discussion. There is, however, a deep undercurrent of reasons. Put simply, the right to be tried by a jury of one's peers finally exacted from the king would be meaningless if the king's judges could call the turn.  *Bushel's Case*, 124 Eng.Rep. 1006 (C.P.1670). In the exercise of its functions not only must the jury be free from direct control in its verdict, but it must be free from judicial pressure, both contemporaneous and subsequent. *Commonwealth v. Anthes*, 1857, 71 Mass. (5 Gray) 185, 209-10 [further citations omitted]. Both have been said to result from the submission of special questions.
>
>> 'It is one of the most essential features of the right of trial by jury that no jury should be compelled to find any but a general verdict in criminal cases, and the removal of this safeguard would violate its design and destroy its spirit.' G. Clementson, Special Verdicts and Special Findings by Juries, 49 (1905)….

The cogency of this is so felt by Mr. Justice Black and Mr. Justice Douglas that they disapprove of special interrogatories even in civil cases….

Uppermost of these considerations is the principle that the jury, as the conscience of the community, must be permitted to look at more than logic. Indeed, this is the principle upon which we began our discussion. If it were otherwise there would be no more reason why a verdict should not be directed against a defendant in a criminal case than in a civil one. The constitutional guarantees of due process and trial by jury require that a criminal defendant be afforded the full protection of a jury unfettered, directly or indirectly….

The First Circuit has recognized that there may be "circumstances in which eliciting particularized information from the jury will be permissible." *United States v. Melvin*, 27 F.3d 710, 716 (1st Cir. 1994) But those circumstances—such as when "a statute proscribes more than one type of conduct, with penalties that vary depending upon the acts committed," *id*. are not present in this case. The sentence and penalty will be the same for the Defendants whether the jury finds that the honest services fraud theory is correct, the property fraud theory is correct, or both are correct—count one of the indictment charges but a single crime: mail/wire fraud.

|  |  |
|---|---|
| Dated: October 6, 2021 | Respectfully submitted, |
|  | GAMAL ABDELAZIZ |
|  | By his attorneys, |
|  | /s/ *Brian T. Kelly* <br> Brian T. Kelly (BBO # 549566) <br> Joshua C. Sharp (BBO # 681439) <br> Lauren A. Maynard (BBO # 698742) <br> NIXON PEABODY LLP <br> 53 State Street <br> Boston, MA  02109 <br> 617-345-1000 <br> bkelly@nixonpeabody.com <br> jsharp@nixonpeabody.com <br> lmaynard@nixonpeabody.com |
|  | Robert Sheketoff (BBO # 457340) <br> One McKinley Square |

        Boston, MA  02109
        (617) 367-3449
        Robert Sheketoff (BBO # 457340)
        One McKinley Square
        Boston, MA 02109
        617-367-3449

        JOHN WILSON

        By his attorneys,

        */s/ Michael Kendall*
        Michael Kendall (BBO # 544866)
        Lauren M. Papenhausen (BBO # 655527)
        WHITE & CASE LLP
        75 State Street
        Boston, MA 02109-1814
        (617) 979-9300
        michael.kendall@whitecase.com
        lauren.papenhausen@whitecase.com

        Andrew E. Tomback (pro hac vice)
        MCLAUGHLIN & STERN, LLP
        260 Madison Avenue
        New York, NY 10016
        (212) 448-1100
        atomback@mclaughlinstern.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was filed electronically on October 6, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

        */s/ Joshua C. Sharp*
        Joshua C. Sharp